H. M. GASTRELL v. GEO. F. PHILLIPS ET AL.

1. EVIDENCE. *Absent witness. Testimony of on a former trial. Admissibility of.*
   Evidence of what a witness, absent in another State and whose whereabouts are known, testified on a former trial of the same case, is inadmissible.

2. LAND PATENTS. *Fraud in procuring. Whether void or voidable. How attacked. Case in judgment.*
   P., in order to avoid an act of the legislature which provided that no more than two hundred and forty acres of swamp lands should be sold to one person, induced various persons to make application to purchase two hundred and forty acres of such lands, furnished them the money to pay for the same, had patents issued in their name, and then caused such persons to make to himself quit-claim deeds to the lands so procured. *Held,* that such patents cannot be attacked collaterally, since they are not void absolutely.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

Phillips, Marshall & Co. brought this action of replevin against H. M. Gastrell to recover possession of certain timber alleged to have been cut from the land of the former by the latter.

A motion for a continuance was made by defendant. He filed

an affidavit in support of his motion, in which he set out that he could not go to trial safely without the testimony of W. H. Gibbs and Jim Hill, by whom he could prove that the land from which the timber was cut was in 1881 held by the State as swamp and overflowed lands ; that plaintiffs in 1881 employed these two witnesses to purchase from the State certain of its swamp and overflowed lands ; that in order to evade the act of February, 1877, which permitted each person to buy only two hundred and forty acres of such lands, that these witnesses acting for plaintiffs secured persons to sign blank applications for such land, which were afterward filled out by these two agents of plaintiffs and the money was furnished by plaintiffs to purchase the lands, and when patents were issued thereon the respective patentees made quit-claim deeds to plaintiffs, and that in this way plaintiffs acquired the land from which the timber in question was cut. The court below refused to continue the case, on the ground that if the evidence set out were produced it would not be admissible in this action.

On the trial one Brown, for whom subpœnas had been duly issued to both Adams and Wilkinson Counties, failed to appear. It was shown that he had testified in this case at a previous term and on a former trial, and since had removed to Louisiana. Thereupon the court permitted plaintiffs to prove what Brown had testified on the former trial, over the objections of defendant. The verdict and judgment were in favor of the plaintiffs, and the defendant appealed.

*C. P. Neilson* and *J. H. Jones*, for the appellant.

1. It is unquestionable that the facts set forth in the application for a continuance, if true, show that plaintiffs were guilty of a direct and fraudulent violation of a positive law and with full knowledge of what they were doing. The facts do not show an evasion of the spirit of the law but a positive violation of its letter, and it follows, logically, that the patents thus obtained are void for fraud, and could be set aside in a chancery court at the instance of the State.

The question next presents itself whether this defense can be set up at law, and if so can it be set up by defendant in bar of this action ?

In the case of the *Hibernia T. Corp.* v. *Henderson*, 11 Am. Dec. 596, the court says " a contract cannot be enforced when made in violation of an act of assembly, citing *Mitchell* v. *Smith*, 2 Am. Dec. 417, and *Maybin* v. *Conlon*, 4 Dall. 298.

It further says such a contract is *void ab initio*. If void it follows that no action could be founded on such contract.

In a note to the case of *Gulick* v. *Ward*, 18 Am. Dec. 403, we find this proposition clearly asserted. It reads " that a contract prohibited by statute, or for the performance of any act forbidden by law, *or tending to defeat the general purpose* of any statute, is itself void and cannot be the foundation of an action at law is well sustained by authorities." *Mitchell* v. *Smith*, 2 Am. Dec. 417 ; *Wilson* v. *Spencer*, 10 Ib. 491 ; *Milne* v. *Davidson*, 16 Ib. 189.

Now, it is clear from the doctrine laid down in these authorities, that the patents issued, and under which plaintiffs claim title, are nullities if the facts set forth in the affidavit be true. Nor can they be made the foundation of *any action*.

The issuance of a patent is a mere ministerial act, and in issuing one the officers must follow the law strictly, and a patent issued in violation of or without authority of law is null and void. *Hibernia T. Corp.* v. *Henderson*, 11 Am. Dec. 597 ; *Hi-Tuk Ho-Mi et al.* v. *Watts et al.*, 7 S. & M. 363. Reported in 45 Am. Dec. 308 and note 309.

In *Dixon* v. *Doe Ex Dem. Porter*, 23 Miss. 84, the same doctrine is affirmed.

This question may be examined as well at law as in equity. 45 Am. Dec. (7 S. & M.) 308.

The authorities above cited say that a fraudulent patent is absolutely void and cannot be made the foundation of *any suit*. The language used is very broad, and certainly does not refer only to actions between the original parties to the void contract or to suits for its enforcement.

If a contract can be shown to be absolutely void, a mere nothing, no suit based on it can be maintained, for it confers no rights whatever.

2. The court below was governed in the admission of proof of what Brown had testified in a previous trial by the authority presented by counsel, 1 Greenleaf, 7th ed., § 163, which seems to warrant the admission of such evidence.

An examination of the American authorities cited in note 2 to this paragraph presents a different view from the English rule presented by Greenleaf. The editor says there is "some discrepancy" among the American authorities, and an inspection of those cited will show a large majority against the admission of such evidence.

The rule seems to be confined to the single case where the witness who formerly testified is dead, and any further exception to the general rule as to hearsay evidence is not favored.

*Nugent & Mc Willie,* for the appellees.

1. The motion for continuance, if properly supported by affidavit, was properly overruled. The facts if proven could not be of any avail to the appellant. It is true that the *proviso* to the third section of the act of 1877 stipulates "that no person shall be allowed to enter more than two hundred and forty acres" under the provisions of the act, but in this case the lands were entered by several persons in literal accordance with the law. Acts 1877, p. 34. Doubtless the purpose of the act was to secure settlers upon each parcel of land, though it is not so stated. The appellees wanted to buy, and they could only purchase through others. By allowing the use of their names those "applicants" cut themselves off from the benefit of the act in future. It could hardly be said, however, that the purchases or entries were *void,* especially as the facts were notorious, and the State held or retained the purchase-money. The law does not avoid the patents nor prescribe that entries should not be made in the way indicated, or, if made, should be of no force or effect. The *letter* of the statute was complied with, however much its *latent purpose* or intent may have been defeated.

The law as stated in the principal case of *Mitchell* v. *Smith,* 2 Am. Dec. 418, is frankly conceded, but in that case the purchaser of lands in Pennsylvania under a Connecticut title, in contra-

vention of the laws of the former State, and after its jurisdiction had been settled under an act of Congress, was released on the ground that he got no title whatever, and that the sale and purchase were expressly prohibited by the laws of Pennsylvania. The title to the land was in the State of Pennsylvania. The question here is whether the appellant, without any interest whatever in the land, could collaterally impeach our title derived from the State under the act of 1877.

The true rule and only just one is stated in *Dixon* v. *Porter,* 23 Miss. 84, thus : " If the patent of the plaintiff had been absolutely void, *as when the Government had no title to the land, or when the officer had no authority to issue the grant, the question might be examined as well at law as in equity.* But when the patent is not void for some reason of that character, and when it is attacked because of extrinsic fraud, or sought to be made subservient to a superior equity, there must be some direct proceeding, either at law or in chancery, to test the validity of the patent or make the prior legal title yield to the preferable equity. It cannot be done collaterally in the action of ejectment." 11 Wheaton 380 ; 2 How. S. C. R. 317. There is a homely Anglo-Saxon expression in this connection which is a complete answer to the appellant's suggestion of error. So long as the State does not complain he cannot be heard.

2. The next point made is that the court erred in admitting evidence as to the testimony delivered by a R. R. Brown on a former trial of the case. As we see it, the proper foundation was laid to let in proof of what Brown had said on a former trial of this cause. He could not be found, and was, in fact, beyond the jurisdiction of the court. The reason for the rule is tersely stated in the case of *Magill* v. *Kaufman,* 8 Am. Dec. 715. When a witness is beyond the jurisdiction of the court evidence is admissible of his testimony given at a former trial between the same parties with reference to the same subject-matter. Clearly this is fair and just. Had Brown's deposition been taken and read on a former trial it could have been used in this. His deposition was at best evidence of his testimony, and while it is more enduring and certain this

would furnish no reason against proof by a living witness of what he had stated. *State* v. *Dewitt*, 27 Am. Dec. 371 ; *Clinton* v. *Estes*, 20 Ark. 216 ; *Noble* v. *McClintock*, 6 W. & S. 58 ; *Wright* v. *Cronisty*, 41 Pa. St. 102 ; *Howard* v. *Patrick*, 38 Mich. 595 ; *Shackleford* v. *State*, 33 Ark. 539 ; 1 Wharton Ev., §§ 177, 178.

CAMPBELL, J., delivered the opinion of the court.

We approve the ruling of the court in refusing a continuance, for the proposed evidence would not have been available if offered. A void patent may be assailed and vacated at law in any controversy involving it, but one merely voidable cannot be collaterally attacked. Whatever may be said of the patents proposed to be attacked they are not void, and cannot be attacked collaterally.

We would like to put an end to this case, but disapprove the admission of evidence of what the witness, Brown, testified to on a former trial. He was shown to have removed to Louisiana, and as his deposition could be taken it was inadmissible to prove what he testified on a former trial. We are aware of the contrariety of opinion on this subject and familiar with the discussion it has evoked, but side with those who deny that an absent witness whose whereabouts is known is to be treated as dead so as to let in evidence of his former testimony.

We have excluded such evidence in criminal cases and no reason exists for a different rule in civil cases. Indeed, a stronger reason exists for admitting it in criminal cases than in civil, because of the inadmissibility of depositions in criminal cases. It might be wise for the legislature to provide for the admission of such testimony in both classes of cases, but until such enactment we think it inadmissible.

*Reversed and remanded.*