EMMA S. VANDEWEGE ET AL., APPELLANTS, v. WILLIAM E. PETER, APPELLEE.

FILED JANUARY 9, 1909. No. 15,433.

1. **Evidence at Former Trial: DILIGENCE.** To entitle a party to reproduce the testimony of a witness given on a former trial, he must show that, by exercising reasonable diligence, he has been unable to secure the attendance of such witness at the trial.

2. ———: ADMISSIBILITY. An attorney who took part in the former trial of a cause and heard the testimony of a witness given therein, but is unable to remember his evidence or the substance of all that the witness testified to, both on direct and cross-examination, is not competent to reproduce the evidence of such witness; and the fact that he made notes of a part of the evidence, from which he can only partially refresh his recollection, does not render him competent.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*A. J. Sawyer* and *W. E. Stewart,* for appellants.

*Burkett, Wilson & Brown,* contra.

BARNES, J.

This action was brought in the district court for Lancaster county by the appellants to recover on four prom-

issory notes executed and delivered by appellee to his grandmother, Sevilla Peter, on the 30th day of April, 1901, for $200 each, bearing interest at 5 per cent. from date. The notes were given for the purchase price of 40 acres of land sold by Sevilla Peter to the appellee. On July 8, 1901, Sevilla Peter died, leaving a will, which was duly admitted to probate, and by which the notes in controversy were bequeathed to the appellants, who are her grandchildren. The defendant by his answer admitted the giving of the notes, but says that on or about the 7th day of June, 1901, he paid them to Sevilla Peter, who was then the owner thereof. It was therefore incumbent upon him to prove such payment by a preponderance of the evidence. It appears that at the trial in the county court the defendant produced a witness named Rosa Bowling, an illiterate person, for the purpose of testifying to a conversation, which it is claimed she overheard, to what she had seen at the time of the alleged payment, and to identify a receipt which the defendant claims was given to him by Sevilla Peter on June 7, 1901. The testimony of this witness given in the county court, both on direct and cross-examination, seems to have been quite voluminous, and, as her testimony and the alleged receipt constituted the only evidence adduced by the defendant upon the question of the alleged payment, it was vital to the determination of this case. An appeal was taken from the judgment in the county court, and when the case came on for trial in the district court Rosa Bowling was not present. It appears that no subpœna had been issued to secure her attendance as a witness, and no attempt had ever been made to take her deposition. The defendant testified that she resided in Beatrice; that he saw her the morning before the trial, and left $2 with her to pay her fare to Lincoln, and that she promised she would be present to give her testimony. The witness however made affidavit that defendant gave her no money whatever with which to pay her way to Lincoln, and, as above stated, she was not present at the trial.

Without any other showing of an effort to obtain her testimony by deposition or have her present to testify, the defendant was permitted to call Judge Williard E. Stewart, who was counsel for two of the plaintiffs, and was present at the trial in the county court and heard her evidence on the former trial, as a witness to reproduce her former testimony before the jury. This was done over the plaintiffs' objections. For the purpose of laying a foundation for the introduction of this evidence, defendant's counsel propounded the following questions to Judge Stewart: "Q. Are you an attorney at law? A. I am. Q. You are one of the counsel engaged in the trial of this case both in the county court and in this court on behalf of the plaintiffs? A. Yes, sir. Q. Were you present, and did you hear the testimony of Mrs. Rosa Bowling in the county court on the trial of this cause? A. I was present and heard her testimony. Q. Did you cross-examine her upon the trial? A. Yes, sir. Q. Did you take notes of her testimony upon that trial? A. I made memoranda of a *portion* of her testimony. Q. Have you those memoranda now in your possession? A. Yes, sir. Q. You may take those memoranda and refresh your memory as to her testimony in order that you may answer my questions as to what she testified to." Over plaintiffs' protest the court compelled the witness to testify, and the defendant was thus permitted to reproduce the evidence of the absent witness. This the plaintiffs contend was prejudicial error. The principal objections to the reception of this evidence relied on by the plaintiffs are: First— The absence of the witness Rosa Bowling, whose testimony was attempted to be reproduced, was not satisfactorily accounted for; second, no reason was shown for not taking her deposition; and, third, the witness who attempted to reproduce her evidence was incompetent, for the reason that he did not remember all of her former testimony, and had no sufficient memoranda from which to refresh his recollection.

The rule as to the reproduction of the evidence of a

witness given upon a former trial may be stated as follows: First, that the party against whom the evidence is offered, or his privy, was a party on the former trial; second, that the issue is substantially the same in the two cases; third, that the witness who proposes to testify to the former evidence is able to state it with satisfactory correctness; fourth, that a sufficient reason be shown why the original witness is not produced. The existence of the first two requirements must be admitted, but the sufficiency of the evidence necessary to establish the other two propositions is seriously questioned. The memorandum of the former testimony of the absent witness, from which Judge Stewart was compelled to refresh his recollection, was some notes taken by him while engaged as plaintiff's attorney in the former trial. It was not pretended that these notes were at all full or complete, and the witness frequently stated during his direct and cross-examination that he did not remember what the testimony of the absent witness was upon certain points, and that he was unable to recollect a considerable portion of her cross-examination. Originally it was required that the reporting witness should be able to state the language of the former witness, but the rigor of this requirement has been considerably relaxed, and it is now held that, whatever is the degree of strictness required by the law established in a particular jurisdiction, it must affirmatively appear to the satisfaction of the court that the reporting witness can give either the language of the original testimony or its substance, and, if it appears that the witness cannot give the entire examination with the required certainty, his evidence would be rejected. *Omaha Street R. Co. v. Elkins,* 39 Neb. 480; 16 Cyc. 1102; *Emery v. Fowler,* 39 Me. 326, 63 Am. Dec. 627.

Again, we are of opinion that the absence of the former witness was not sufficiently accounted for. The present tendency is not only to require that the absence offered as a basis for admitting the former evidence should be permanent, but to further require that the party offering the

evidence should show to the satisfaction of the court that he could not by the use of reasonable diligence, have procured the attendance of the absent witness. Mere absence from the jurisdiction at the time of trial is a disability by no means equivalent to death, without affirmative evidence that a fruitless search has been conducted in good faith and with due diligence, and that, from ignorance of the witness' whereabouts or other reason, his presence could not have been secured. In this case the temporary residence of the absent witness was in an adjacent county in this state. This was at all times well known to the defendant, and yet he failed to exercise reasonable diligence to secure the presence of the witness or take her deposition. Even where the necessities of the case require the reproduction of the testimony of an absent witness, such evidence at best is but hearsay, and its worthiness only a matter of degree; and, if for reasons of economy and convenience only the testimony of an absent witness is to be received, what further need can there be for rejecting hearsay evidence; and why should litigants bother themselves to procure the attendance or the depositions of witnesses who have once testified in the case? We are not prepared to go to the extent that the rule contended for by the defendant would lead us. While the defendants' failure to exercise reasonable diligence, of itself, may not be sufficient to reverse the judgment of the trial court we think the incompetency of the witness called to reproduce the testimony of Rosa Bowling must have that result. He could neither give the language of her former evidence, nor all of its substance, and his notes, taken at the former trial, were not full enough to enable him to refresh his recollection as to all of her testimony given on her direct and cross-examination. We are therefore of opinion that it was reversible error to require him to attempt to reproduce the evidence of the absent witness.

The record contains several other assignments of error, but, as the questions to which they refer are not likely to arise again, it is not necessary for us to consider them.

For the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED.

DEAN, J., not sitting.