[No. 12635.  Department Two.  August 31, 1915.]

THOMAS S. KENNEDY, *Appellant*, v. CANADIAN PACIFIC
RAILWAY COMPANY, *Respondent*.[1]

EVIDENCE—BEST AND SECONDARY—FORMER TESTIMONY OF ABSENT
WITNESS—STATUTES. Rem. & Bal. Code, § 1247, authorizing the use
of a certified copy of the evidence of any witness at a former trial
between the same parties, who was since deceased, "or out of the
state, or for any other sufficient cause unable to appear and testify,"
does not render such certified copy admissible, where the deposition
of such witness was duly taken out of the state for use at the trial
and had been published without objection; the intent of the statute
being to require reasonable diligence to otherwise procure the tes-
timony of the witness.

Appeal from a judgment of the superior court for Spokane
county, Webster, J., entered September 28, 1914, upon the
verdict of a jury rendered in favor of the defendant, in an
action for personal injuries. Affirmed.

*Plummer & Lavin*, for appellant.

*Cannon & Ferris* and *Allen & Allen*, for respondent.

MORRIS, C. J.—Appeal from a judgment in favor of de-
fendant, in an action to recover damages for personal in-
juries. The cause was previously tried in the lower court
and a new trial granted. Upon the first trial, appellant in-
troduced one Moorehead as a witness in his behalf, who tes-
tified to material matters within the issue. Subsequently
Moorehead made an affidavit in which he repudiated his testi-
mony, saying that it was false and had been given only at
the suggestion and request of counsel for appellant. When
the cause was noted for trial the second time, appellant had
the testimony given by Moorehead upon the first trial certi-
fied by the trial judge and gave notice of his intention to use

[1]Reported in 151 Pac. 252.

the same upon the second trial, following the procedure laid down in Rem. & Bal. Code, § 1247, providing that,

"The testimony of any witness, deceased, or out of the state, or for any other sufficient cause unable to appear and testify, given in a former action or proceeding, or in a former trial of the same cause or proceeding when reported by a stenographer, or reduced to writing, and certified by the trial judge, upon three days' notice to the opposite party or parties, together with service of a copy of the testimony proposed to be used may be given in evidence in the trial of any civil action or proceeding, where it is between the same parties and relates to the same matter."

Thereafter, both parties stipulated that the deposition of Moorehead, who resided at Calgary, Alberta, should be taken, and pursuant to this stipulation, such deposition was taken, counsel for both parties being present and taking part in the examination of the witness. When the cause was called for trial the second time, this deposition was ordered published, without objection from either party. During the trial, appellant sought to introduce the testimony of Moorehead given at the first trial. The lower court sustained an objection to the introduction of this testimony, and such ruling is now urged as error.

It is a general demand of the law that the best possible evidence be produced, and secondary evidence is admissible only when it is clearly made to appear that primary evidence is, for some good and sufficient reason, unattainable, and then only after a showing of diligence. Following this rule, the practice has been established in some states, as with us, by statute, and in other by rule, that the testimony of a deceased witness, or one who is beyond the jurisdiction of the court, or for other good cause, unable to appear and testify, given at the former trial of the same cause, may be given in evidence in any subsequent trial between the same parties upon the same issue. Such a rule has been admitted with care and caution, only from necessity, and upon a clear showing that the offered testimony is the only obtainable testimony.

This was recognized in *Knutson v. Moe Brothers*, 72 Wash. 290, 130 Pac. 347, where, in referring to the introduction of such testimony, it was said:

"After showing that Bert Nelson, who had testified in the former trial, could not be found, and the exercise of due diligence in endeavoring to find him, the respondent, having given three days' notice to the opposite party together with a copy of his testimony in the other trial, was permitted to read it in evidence."

The requirement of reasonable diligence and the inability to otherwise procure the testimony of the witness is recognized in all the cases. *Wise Terminal Co. v. McCormick*, 107 Va. 376, 58 S. E. 584; *Kirchner v. Laughlin*, 5 N. M. 365, 23 Pac. 175; *Gastrell v. Phillips*, 64 Miss. 473, 1 South. 729; *Stein v. Swensen*, 46 Minn. 360, 49 N. W. 55, 24 Am. St. 234; *Vandewege v. Peter*, 83 Neb. 140, 119 N. W. 226.

The rule of the modern cases is thus stated in 16 Cyc. 1098:

"The more modern tendency is not only to require that the absence offered as a basis for admitting the former evidence should be permanent, but to require further that the party offering the evidence should show to the satisfaction of the court that he could not by the use of reasonable diligence have procured the deposition of the absent witness. Mere absence from the jurisdiction at the time of trial is a disability by no means equivalent to death, without affirmative evidence that a fruitless search has been conducted in good faith and with due diligence, and that, from ignorance of the witness' whereabouts or other reason, his deposition could not have been taken."

Not only was there a failure to show necessary facts making this testimony admissible, but it affirmatively appeared that it was not admissible. There was no showing of inability to procure the testimony of the witness, but on the contrary, the testimony of the witness had been taken by deposition in conformity with the statute making such testimony admissible, and was then present in court subject to the

use of either party. How, then, could it be made to appear, within the meaning of the statute, that the witness was unable for any reason to appear when, as a matter of fact, he had appeared in a manner recognized by law, and had been examined relative to the issues involved concerning which he was supposed to have knowledge. We have no doubt but that the lower court was right in excluding the offered testimony.

The judgment is affirmed.

ELLIS, MAIN, and FULLERTON, JJ., concur.