STATE OF NEBRASKA, APPELLEE, V. EDWARD D. CHRISTIANSEN, APPELLANT.

187 N. W. 2d 303

Filed May 28, 1971. No. 37907.

A. James McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for willful reckless driving and operating a motor vehicle while his license had been revoked. The assignments of error relate to the admission in evidence of testimony concerning the county court testimony of a witness now deceased.

The record shows that the defendant and Drew Larson spent a part of the evening of February 20, 1970, drinking beer and riding around in Larson's Pontiac automobile. Later that evening they crossed the Nebraska City bridge and drove into Iowa for the purpose of drag racing.

An Iowa highway patrolman testified that on February 21, 1970, he observed the Larson automobile, which had a defective taillight, about a mile and a half east of the Nebraska City bridge. When the patrolman approached the automobile it accelerated at a high rate of speed toward the bridge. The patrolman turned on his red lights and followed the automobile, at speeds of up to 100 miles per hour, into Nebraska City.

About a quarter of a mile west of the bridge the automobile attempted to turn left but slid into some guard posts beside the road. The automobile then went up Kearney Hill about 3 or 4 blocks, turned to the right, and stopped about 75 feet from the corner. When the automobile stopped, Larson was sitting in the right front seat, the door on the driver's side was open, and a person was running to the left away from the car. The patrolman was unable to identify the person running from the automobile, but Larson identified this person as the defendant.

The principal issue in the case was the identity of the driver of the Larson automobile. The defendant denied that he drove the Larson automobile on February 21, 1970.

The trial in county court took place on March 12, 1970. Drew Larson testified at the trial, but no satisfactory record was made of his testimony. Larson died on June 20, 1970, as a result of injuries sustained in an accident. At the trial in the district court, the State was allowed to prove the former testimony of Larson by the testimony of the Iowa patrolman and a Nebraska patrolman who had been present in the courtroom during the first trial.

The Iowa patrolman and the Nebraska patrolman both testified, over objection, that Larson had testified that the defendant was driving the Larson automobile when it crossed the bridge and entered Nebraska. The defendant contends that the admission of this evidence was erroneous because there was no showing that the witnesses were able to recall and relate the substance of the entire original testimony of Larson.

In Vandewege v. Peter, 83 Neb. 140, 119 N. W. 226, this court held that if it appears that the witness cannot relate the substance of the "entire examination," the evidence is not admissible. The rule is usually stated to require the whole of the testimony on a particular point, issue, subject, or topic. See, VII Wigmore on Evidence (3d Ed.), § 2099, p. 488; 29 Am. Jur. 2d, Evidence, § 762, p. 831; 23 C. J. S., Criminal Law, § 898 b, p. 526; Annotation, 11 A. L. R. 2d 30.

Any error that may have occurred in the admission of testimony by the patrolmen that Larson had testified that the defendant was driving the automobile was not prejudicial. On cross-examination the defendant testified, without objection, that he remembered the testimony of Drew Larson in county court; that Larson had testified that the defendant was driving the automobile when they started for the bridge with the patrol-

man behind them; that the defendant was driving when they crossed the bridge; that the defendant was driving when the automobile came to a stop at the top of the hill; and that the defendant had jumped out of the left door and ran. The admission of incompetent evidence is not prejudicial where the same fact is established by the testimony of the complaining party. Tvrz v. State, 154 Neb. 641, 48 N. W. 2d 761.

The judgment of the district court is affirmed.

AFFIRMED.

SMITH, J., participating on briefs.