STATE OF NEBRASKA, APPELLEE, v. MICHAEL CASTOR, APPELLANT.

225 N. W. 2d 420

Filed January 30, 1975. No. 39605.

Lathrop, Albracht & Dolan, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

The defendant Michael Castor was tried before a jury

and convicted of kidnapping and rape. He appeals on the ground that evidence of the victim's statement to an officer was erroneously admitted. We affirm the judgment of the District Court.

Two girls, Margaret and Linda, were driving in Omaha, Nebraska, in the early morning of December 4, 1973. Their evidence is to the effect that they were curbed and stopped by a van occupied by the defendant, Eddie Wade, and Wayne Manzer. The defendant forced his way into their car and attempted to seize the ignition key. Linda grabbed the keys, got out, and ran down the hill. The defendant pursued her and took the keys. In the meantime Margaret ran down the street, was pursued, pulled back to the van by her hair, and pushed into it. The three men drove off with Margaret.

Margaret testified that they stopped in the OPPD parking lot. Enroute, two of the men were molesting and trying to partially undress her. She protested and screamed whereupon one threatened to break her jaw. All three then had intercourse with her. They later drove her to her home and threatened her if she told anyone. It was then after 2 a.m. She took a bath and went to bed.

In the meantime Linda had reported the incident to the police and an officer contacted Margaret about 2 hours after she got home. This officer was not permitted on direct examination to relate his conversation with Margaret. On cross-examination he was asked: "As a matter of fact when you went to the address on Laurel Avenue didn't you ask the young lady what happened and when she told you, you said 'You have been raped.' Isn't that the way the thing went?" He answered "No." Thereafter the officer was permitted to testify what Margaret told him about the car being stopped, the taking of the ignition key, her being placed in the van, driven away, and all three having intercourse with her after the threat to break her jaw. "In a prosecution for rape, after the prosecutrix has testified to the com-

mission of the offense, it is competent to prove in corroboration of her testimony as to the main fact that within a reasonable time after the alleged outrage she made complaint to a person to whom a statement of such an occurrence would naturally be made.

"The testimony concerning such complaint should, on direct examination, be confined to the fact that complaint was made, and the details of the event, including the identity of the person accused, are not proper subjects of inquiry unless the complaint was a spontaneous, unpremeditated statement so closely connected with the act as to be part of the res gestae." State v. Chaney, 184 Neb. 734, 171 N. W. 2d 787.

The statement given by Margaret to the officer was not "a spontaneous, unpremeditated statement so closely connected with the act as to be part of the res gestae." Neither was it justifiedly admitted as a result of the very limited cross-examination. Its admission was clearly erroneous but does not constitute reversible error. The defendant testified in his own behalf and maintained that Margaret voluntarily participated in the sexual intercourse. He verified Margaret's statements to the officer regarding stopping the car, forcibly seizing the ignition key, her being driven away to the OPPD parking lot, her protesting and screaming, the threat to break her jaw, the acts of intercourse with her, and returning her home. In view of his own statements, it is evident that this evidence was not prejudicial. It is the rule that the admission of incompetent evidence is not prejudicial where the same facts are established by the testimony of the defendant. See, State v. Christiansen, 187 Neb. 73, 187 N. W. 2d 303; Tvrz v. State, 154 Neb. 641, 48 N. W. 2d 761; Wever v. State, 121 Neb. 816, 238 N. W. 736.

The judgment of the District Court is affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in result.