STATE OF NEBRASKA, APPELLEE, V. TERRY REICHERT, APPELLANT.

492 N.W.2d 874

Filed December 11, 1992.    No. S-91-451.

Robert L. Gridley, of Robert L. Gridley Law Office, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.
Terry Reichert appeals his conviction for third degree assault upon Abel Plasencio at the Scotts Bluff County fair, which resulted in Reichert's being sentenced to 15 days in jail and his being fined $500.

Reichert was found guilty of the Class I misdemeanor following a bench trial in Scotts Bluff County Court, which guilty finding and sentence he appealed to the district court for Scotts Bluff County. The district court affirmed Reichert's conviction and sentence. Reichert then appealed to this court.

On appeal to this court, Reichert claims that the district court erred in failing to find that (1) there was insufficient evidence to convict him, (2) he had ineffective assistance of counsel, (3) his sentence is excessive, and (4) the trial judge was prejudiced against him. There being no merit to any of Reichert's assignments of error, we affirm his conviction and sentence.

## SCOPE OF REVIEW

In determining whether evidence is sufficient to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed in the light most favorable to the State, is sufficient to support that conviction. The trial court's findings have the effect of a verdict and will not be set aside unless clearly erroneous. *State v. Crowdell*, 241 Neb. 216, 487 N.W.2d 273 (1992); *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990).

## FACTS

Construing the facts of this case most favorably to the State, the evidence shows the following:

About 11 p.m. on August 17, 1990, Reichert was walking along the midway of the Scotts Bluff County fair when he and Plasencio accidentally bumped into each other. Plasencio testified that Reichert then became "hyper" and challenged Plasencio to a fight. Plasencio testified that when he refused to fight, Reichert pointed and said, "Oh, the cops!" While Plasencio was distracted by looking to where Reichert was pointing, Reichert kicked Plasencio in the groin and struck him in the face. Plasencio fought back, and the two wrestled on the ground. When someone in the crowd yelled that the police were coming, Reichert got up and ran.

Raymond Huffman, a Scotts Bluff County deputy sheriff working as a security officer at the county fair, arrived on the scene shortly after Reichert's departure. Huffman testified that Plasencio's clothes were torn and that he had a bloody lip and a bleeding gash on the left side of his nose. Plasencio told Huffman that Reichert had left in a Bronco, which was subsequently determined to be a Blazer. Huffman radioed this information and a possible license plate number to the Mitchell police.

George Harpole, Mitchell's assistant police chief, testified that he and his chief of police stopped a Blazer matching the description given by Huffman a short time after receiving the radio call. Reichert was a passenger in the vehicle, which was being driven by a friend of Reichert's. Reichert was not wearing a shirt at the time. Harpole noted several red marks on Reichert's body and on his face. The two Mitchell police officers asked Reichert to accompany them back to the fairground in the cruiser. Reichert complied with this request. He was not placed under arrest at that time.

Harpole testified that when he asked Reichert what went on at the fairground, Reichert denied knowing anything. Upon further questioning by the officers, Reichert denied striking Plasencio. He later admitted that he and Plasencio had fought and that he had struck Plasencio.

Reichert testified that Plasencio had lowered his shoulder and had deliberately run into him. Reichert claimed he struck Plasencio only in self-defense after Plasencio picked a fight with him. Reichert stated that when the fight was over, he got up and walked away.

As a result of the incident, Reichert was arrested and charged with assault in the third degree pursuant to Neb. Rev. Stat. § 28-310(1) (Reissue 1989).

## SUFFICIENCY OF THE EVIDENCE

Under § 28-310(1), "[a] person commits the offense of assault in the third degree if he: (a) Intentionally, knowingly, or recklessly causes bodily injury to another person. . . ." Separated, the two elements of the crime are (1) an intentional, knowing, or reckless act which (2) causes bodily injury to

another person.

After Plasencio refused to fight, Reichert first distracted his victim and then mounted an unprovoked attack by kicking Plasencio in the groin and then striking him. These are obviously intentional acts. It is clear from the evidence that Plasencio suffered bodily injury as a result of the attack. These facts are legally sufficient to support a conviction for assault in the third degree. It was not clearly erroneous for the trial court to find beyond a reasonable doubt that Reichert was guilty of the crime with which he was charged.

## INEFFECTIVE ASSISTANCE OF COUNSEL

To sustain a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced his defense, that is, a demonstration of reasonable probability that but for counsel's deficient performance the result of the proceedings would have been different. *State v. Wickline*, 241 Neb. 488, 488 N.W.2d 581 (1992); *State v. Stahl*, 240 Neb. 501, 482 N.W.2d 829 (1992). However, the two prongs of the test do not necessarily have to be addressed in order. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *State v. Wickline, supra*. Accord *State v. Hawthorne*, 230 Neb. 343, 431 N.W.2d 630 (1988).

Reichert alleges he had ineffective assistance of counsel at trial because his attorney failed to file a motion to suppress certain statements Reichert made to Huffman and Harpole while Reichert was in the backseat of the police cruiser on the night in question, and because counsel failed to object to such testimony by the officers at trial. Reichert contends that he was in police custody when such statements were made, that he had not been advised of his *Miranda* rights, and that he had not waived any of his rights. Huffman agreed that Reichert was never told his *Miranda* rights.

It is not necessary for us to determine whether any of Reichert's statements to the officers should have been suppressed or objected to by counsel. Reichert himself testified in detail of his conversations with Huffman on the night of his

arrest. In all material respects, Reichert's testimony was in agreement with that of Huffman.

Reichert also claims that his counsel should have objected to Huffman's testimony that in his opinion, Reichert was lying to him. Reichert seems to imply that his conviction was based upon this claimed pivotal piece of evidence. This is a rather disingenuous argument which completely ignores the fact that Reichert conceded on cross-examination that he had lied to the police officers about his involvement in the incident "because of the situations." Obviously, Huffman's testimony was cumulative to that of Reichert's.

Finally, Reichert argues that Harpole should not have been allowed to testify that "[Reichert] said something to the fact that he had—they'd gotten into it and he'd punched [Plasencio] or something to that effect." Again, Reichert admitted at trial that he had struck Plasencio, although he maintained this was in self-defense.

When evidence is merely cumulative to properly admitted testimony of a defendant, the admission of such evidence over objection constitutes harmless error. See, *State v. Sutton,* 231 Neb. 30, 434 N.W.2d 689 (1989); *State v. Castor,* 193 Neb. 86, 225 N.W.2d 420 (1975). Because Reichert himself testified to all of the facts he contends should have been excluded from evidence, the testimony of both officers was merely cumulative. Therefore, the admission of such cumulative evidence would have constituted harmless error even if counsel had made a proper objection.

Reichert has failed to demonstrate a reasonable probability that but for the alleged deficient performance of his trial counsel, he would not have been convicted. It was not the conduct of counsel that prejudiced Reichert's case, it was Reichert's in-court statements that corroborated the victim's testimony that convicted Reichert. This assignment of error is without merit.

### EXCESSIVENESS OF SENTENCE

Reichert claims his sentence of 15 days in jail plus a $500 fine and court costs is excessive. A sentence within statutory limits will not be disturbed upon appeal absent an abuse of discretion.

*State v. Miller*, 240 Neb. 297, 481 N.W.2d 580 (1992); *State v. Smith*, 240 Neb. 97, 480 N.W.2d 705 (1992); *State v. Wounded Arrow*, 240 Neb. 44, 480 N.W.2d 205 (1992). Upon conviction of assault in the third degree, Reichert could have received a maximum sentence of not more than 1 year's imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-106(1) (Reissue 1989). His sentence is well within the statutory limits.

Furthermore, in considering a sentence, the sentencing court is not limited in its discretion to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Wounded Arrow, supra.* In this case, the sentencing judge noted Reichert's continuing lack of remorse and denial of any responsibility for the incident. The court expressed the belief that Reichert had perjured himself in his testimony, thus constituting a fraud upon the court, and that a lesser sentence would depreciate the seriousness of the event. The factors considered by the court were entirely proper and did not constitute an abuse of discretion.

## PREJUDICE OF TRIAL JUDGE

Reichert assigned as error that the trial judge was prejudiced, to Reichert's injury. Reichert failed to discuss this assignment of error in his brief. Assignments of error not discussed are not considered by an appellate court. *State v. Moss*, 240 Neb. 21, 480 N.W.2d 198 (1992); *State v. Knight*, 239 Neb. 958, 479 N.W.2d 792 (1992); *State v. Thomas*, 238 Neb. 4, 468 N.W.2d 607 (1991). Moreover, counsel conceded at oral argument that the record does not support this alleged error. Therefore, this assignment of error has been waived.

There being no merit to any of Reichert's assigned errors, the order of the district court affirming Reichert's conviction and sentence is affirmed.

AFFIRMED.