CHARLES R. KELLY, APPELLEE, v. PETER KIEWIT SONS COMPANY, A CORPORATION, APPELLEE, IMPLEADED WITH STATE OF NEBRASKA, APPELLANT.

122 N. W. 2d 501

Filed July 12, 1963.    No. 35447.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellant.

Joseph P. Cashen and Kennedy, Holland, DeLacy & Svoboda, for appellee Kelly.

Stoehr, Rickerson, Sodoro & Caporale, for appellee Peter Kiewit Sons Co.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is a proceeding under the Workmen's Compensation Act brought by Charles R. Kelly, the plaintiff, against the defendants, Peter Kiewit Sons Company and the State of Nebraska.

The plaintiff was injured as the result of an accident arising out of and in the course of his employment on October 7, 1958, while employed as a construction laborer by Peter Kiewit Sons Company. The plaintiff claims that the disability resulting from this injury combined with a previous disability, which was caused other than by disease, has resulted in permanent total disability. The plaintiff claims that he is entitled to receive compensation from both his employer and the Second Injury Fund.

The compensation court found that the plaintiff was entitled to receive compensation from the employer for temporary total disability, medical and hospital expense, and for a 15 percent permanent partial disability of the right foot and entered an award to that effect but dismissed the action as to the State of Nebraska. The plaintiff waived rehearing before the compensation court and appealed directly to the district court.

The district court found that the plaintiff was entitled to receive compensation from the employer for tempo-

rary total disability, medical and hospital expenses, and for 15 percent permanent partial disability of the right foot, and compensation thereafter for permanent total disability from the Second Injury Fund. The motion for new trial of the State of Nebraska was overruled and it has appealed to this court.

The controversy here is between the plaintiff and the State of Nebraska. The issue is whether the plaintiff is entitled to receive compensation for permanent total disability out of the Second Injury Fund.

The Workmen's Compensation Act provides that if an employee receives an injury which of itself would cause only partial disability but which, combined with a previous disability other than one caused by disease, does in fact cause permanent total disability, the employer shall be liable only for the partial disability which would have resulted from the second injury in the absence of any preexisting disability, and for the additional disability the employee shall be compensated out of a special fund created for that purpose and known as the "Second Injury Fund." § 48-128, R. R. S. 1943. In order to receive workmen's compensation from the Second Injury Fund a claimant must in fact have a permanent total disability. Franzen v. Blakley, 155 Neb. 621, 52 N. W. 2d 833.

The plaintiff is 60 years of age. When the plaintiff was about 12 years old he injured his right knee in a noncompensable accident. In this accident a darning needle entered his right knee and the joint became infected. A fragment of the needle was removed from the plaintiff's left hip in 1928. As a result of this accident and injury and the complications which followed, the plaintiff eventually developed a stiff right knee and a stiff left hip.

The disability resulting from the stiff right knee is approximately 50 percent. The disability resulting from the stiff left hip is between 60 and 70 percent. The stiff hip results in an added strain being placed on the back.

The two injuries complement each other and together produce a greater disability than either injury would produce by itself.

At the time the accident occurred on October 7, 1958, the plaintiff was working as a laborer on a construction project. He was then able to do heavy common labor and had done similar work for many years. The construction superintendent under whose supervision the plaintiff had been working testified that the plaintiff was steady, reliable, and a good employee; that the plaintiff walked with a limp; that the superintendent was careful in assigning work to the plaintiff; and that the plaintiff worked as a mortar mixer most of the time.

The accident occurred while the plaintiff was helping to load a culvert pipe on a flat-bed truck. The pipe fell from the truck and struck the plaintiff's right leg. The plaintiff was knocked to the ground and his right leg was broken between the knee and the ankle.

The plaintiff sustained a comminuted fracture of the right tibia and fibula in about the middle third. The fracture was approximately 9½ inches below the knee and 6 inches above the ankle joint. There was also an injury to the soft tissue at the site of the fracture. A closed reduction was performed on the day following the accident and a cast applied. The fracture healed slowly. The leg was in a cast for about 9 months. On October 12, 1959, the physician who had been treating the plaintiff advised him that he could return to work.

The fracture of the tibia or shin bone healed with a posterior angulation of 4 or 5 degrees. The bone is not in perfect alignment but is bent to the rear at the point where the fracture occurred. The treating physician considered this to be the principal factor in the permanent partial disability resulting from the accident and injury on October 7, 1958. The plaintiff does not have the same ability to step off and it interferes with his balance.

There is evidence that there is an interference or

alteration in the circulation in the right leg. The plaintiff complains of a loss of sensation in the leg, a feeling of numbness or that the leg is asleep. The plaintiff testified that his leg is weak and that he is unable to stand on it for more than 10 minutes at a time. Before the accident the plaintiff was able to do heavy lifting but now he is unable to lift anything from the floor. The plaintiff has been able to do only light work around his home.

The plaintiff has about a fourth grade education. He is unfitted to perform any work other than common labor.

The evidence as a whole, including motion pictures of the plaintiff, establishes that the plaintiff is permanently totally disabled within the meaning of the Workmen's Compensation Act. A workman who is unable to perform or to obtain any substantial amount of labor, either in his particular line of work, or in any other for which he would be fitted, except for the injury, is totally disabled within the meaning of the Workmen's Compensation Act. Thinnes v. Kearney Packing Co., 173 Neb. 123, 112 N. W. 2d 732.

The plaintiff was able to do heavy labor before the accident on October 7, 1958. Even though the plaintiff had a stiff knee on one side and a stiff hip on the other side as a result of the noncompensable accident, he managed to do heavy work. The disability resulting from the accident of October 7, 1958, has combined with the previous disability to produce permanent total disability.

The employer is liable only for the partial disability which would have resulted from the accident of October 7, 1958, in the absence of the preexisting disability. The plaintiff is entitled to receive compensation for the additional disability from the Second Injury Fund.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.