NED A. RUNYAN, APPELLEE, v. STATE OF NEBRASKA, SECOND INJURY FUND, APPELLANT.

138 N. W. 2d 484

Filed November 26, 1965. No. 36050.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellant.

Holtorf, Hansen & Kortum, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is a proceeding under the Workmen's Compensation Act brought by Ned A. Runyan, the plaintiff, against the State of Nebraska to recover compensation from the Second Injury Fund.

The plaintiff was injured on May 14, 1962, as the result of an accident arising out of and in the course of his employment while employed by Lockwood Graders, Inc. The plaintiff was operating a hydraulic press used to form sheet metal, and was attempting to center the bottom die in the press when his right foot struck the treadle and caused the press to operate. The fingers on both hands of the plaintiff were caught in the press and crushed. In a previous action against the employer, the plaintiff recovered compensation at the maximum

rate for 219 weeks for temporary total disability and the loss of his fingers. See Runyan v. Lockwood Graders, Inc., 176 Neb. 676, 127 N. W. 2d 186.

In 1933, the plaintiff was injured in a motorcycle accident which resulted in the amputation of his right foot at the level of the proximal metatarsal bones. The plaintiff now claims that he suffered permanent total disability as a result of the combination of the injury to his foot and the injury to his fingers, and that he is entitled to compensation from the Second Injury Fund for the additional disability resulting from the combination of the injuries.

The compensation court found that the plaintiff's disability resulted from the loss of his fingers and not from a combination of the injuries, and dismissed the action. The plaintiff waived rehearing before the compensation court and appealed to the district court.

The district court found that the plaintiff suffered permanent total disability as a result of the injury to his foot and the injury to his fingers and that he was entitled to compensation for the additional disability from the Second Injury Fund. The defendant was ordered to pay compensation to the plaintiff in accordance with subdivision (1) of section 48-121, R. R. S. 1943, after the expiration of 219 weeks from May 14, 1962. The defendant's motion for new trial was overruled and it has appealed.

Over the plaintiff's objection, the trial court permitted the defendant to introduce in evidence a transcript of the pleadings and evidence in the previous action against the plaintiff's employer. At the time the exhibits were offered, counsel stated that the defendant wished to call particular attention to the medical testimony which had been admitted in the previous action.

Before a party is entitled to reproduce the testimony of a witness given on a former trial, he must show that by exercising reasonable diligence he has been unable to secure the attendance of the witness at the trial. Van-

dewege v. Peter, 83 Neb. 140, 119 N. W. 226. The defendant in this case made no attempt to satisfy this requirement. The medical testimony in the previous action was not admissible in the absence of a proper showing and must be disregarded in the disposition of this appeal.

The Workmen's Compensation Act provides that if an employee receives an injury which of itself would cause only partial disability, but which combined with a previous disability other than one caused by disease does in fact cause permanent total disability, the employer shall be liable only for the partial disability which would have resulted from the second injury in the absence of any preexisting disability, and the employee shall be compensated for the additional disability out of the Second Injury Fund. § 48-128, R. R. S. 1943.

In order to receive workmen's compensation from the Second Injury Fund, a claimant must in fact have a permanent total disability. Kelly v. Peter Kiewit Sons Co., 175 Neb. 621, 122 N. W. 2d 501. A workman who is unable to perform or to obtain any substantial amount of labor, either in his particular line of work or in any other for which he would be fitted except for the injury, is totally disabled within the meaning of the Workmen's Compensation Act.

The record in this case shows that the plaintiff is 55 years of age and has a high school education. He has worked as a cook; as a pinsetter and alleyman in bowling alleys; as an assembler assembling bus seats and similar products; and as a machine operator operating lathes, drill presses, spinning machines, and other machines.

The accident on May 14, 1962, resulted in the amputation of three fingers, two on the left hand and one on the right hand. The remaining fingers are stiff and have a very limited movement. The plaintiff's thumbs were not injured and they have a full range of motion.

The motorcycle accident in 1933 resulted in the amputation of approximately one-half of the plaintiff's right foot. The plaintiff wears a high-top shoe which is laced

above his ankle. The vacant space in the shoe is stuffed with cotton or other material. The plaintiff has lost the arch and ball of his right foot and cannot balance on that foot. His right foot tires easily, tends to drag, and is painful. It gets cold very easily and becomes sore from rubbing inside the shoe. As a result of the injury to his foot, the plaintiff is unable to use a shovel, climb ladders, or do any work that requires agility of the feet.

After the May 14, 1962, accident, the plaintiff returned to work at Lockwood Graders, Inc., on September 24, 1962. He worked 2 days in the tip shop helping to hold material while other employees welded it. He was then transferred to the parts department and worked there 5 days before he was laid off. He obtained employment at the sugar factory as a locker room attendant and worked until December 31, 1962. He had difficulty doing that work because of the disability to his fingers. He has not been able to obtain employment since that date.

The record in this case shows that the plaintiff in fact suffered permanent total disability. The controversy here is whether the disability is a result of the injury to the fingers only or is a result of the combination of the injury to the fingers and the injury to the foot. The defendant contends the sole cause of the disability is the injury to the fingers and that there is no connection between that injury and the injury to the foot.

Dr. William E. Holmes, a witness for the plaintiff, testified that the plaintiff was totally disabled as a result of the combination of the injury to the foot and the injury to the fingers; that the injury to the fingers alone would not be totally disabling; that the injury to the foot resulted in a loss of balance potential; that the disability to the plaintiff's fingers interfered with the use of his hands to compensate for the instability resulting from the foot injury; and that the plaintiff could do considerably more with his hands if his foot was all right.

Dr. Stuart P. Wiley, a witness for the plaintiff, testified

that in his opinon the plaintiff was totally disabled as a result of the combination of the injury to the fingers and the injury to the foot. Dr. Wiley admitted on cross-examination that in the previous action against the employer he had testified that the plaintiff was totally disabled as a result of the injury to his fingers. Dr. Wiley said that he had revised his opinion after considering the opinion of this court in the previous action.

The loss of all fingers of both hands alone does not entitle an employee to compensation for permanent total disability as defined in the Workmen's Compensation Act. § 48-121, subdivision (3), R. R. S. 1943; Runyan v. Lockwood Graders, Inc., *supra*. This is a matter which must be considered in determining the rights of the plaintiff under the act.

This court has said many times that the Workmen's Compensation Act should be liberally construed to the end that its beneficent purposes may not be thwarted by technical refinement of interpretation. Wheeler v. Northwestern Metal Co., 175 Neb. 841, 124 N. W. 2d 377. The intention of the Legislature should be determined from the act as a whole rather than from the loose words or phrases of isolated paragraphs. Hauff v. Kimball, 163 Neb. 55, 77 N. W. 2d 683.

Before May 14, 1962, the plaintiff was able to use his hands to compensate somewhat for the disability resulting from the injury to his foot. He was able to use his hands to steady himself and could perform useful tasks and obtain employment. He is now unable to use his hands for that purpose and is unable to perform useful tasks or obtain employment. We think that the evidence in this case establishes that the plaintiff is entitled to compensation for permanent total disability as a result of the combination of the injuries to his fingers and his foot.

The judgment of the district court awarding the plaintiff compensation from the Second Injury Fund for the

additional disability resulting from the combination of his injuries is affirmed.

AFFIRMED.