CLYDE CAMP, APPELLANT, V. BLOUNT BROS. CORPORATION, AND STATE OF NEBRASKA, SECOND INJURY FUND, APPELLEES.

238 N. W. 2d 634

Filed February 19, 1976. No. 40226.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellant.

R. M. Dustin of Pilcher, Howard & Dustin, for appellee Blount Bros. Corp.

Paul L. Douglas, Attorney General, and Harold S. Salter, for appellee State of Nebraska, Second Injury Fund.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding to modify a previous award under the Workmen's Compensation Act. The plaintiff, Clyde Camp, was employed as a carpenter by the defendant, Blount Brothers. On March 9, 1970, the plaintiff fell from a building while working for the defendant and fractured his right heel. As a result of this accident the plaintiff sustained a 25 percent permanent partial disability to his right foot.

The plaintiff returned to his regular work for the defendant on May 22, 1970. On September 1, 1970, while at work, the plaintiff was struck by a large beam and fell about 25 feet injuring his left foot and back. As a result of this injury a triple arthrodesis was performed on his left foot in July 1971. The plaintiff sustained a 25 percent permanent partial disability to his left foot as a result of the accident on September 1, 1970. The plaintiff also sustained a compression fracture of the first lumbar vertebrae in the accident on September 1, 1970. There is some evidence the back injury resulted in a 5 percent permanent partial disability to the body as a whole.

In 1972 the plaintiff commenced an action in the compensation court which resulted in an award on rehearing on July 19, 1973, of compensation for a 25 percent permanent partial loss of use of the left foot and a 25 percent permanent partial loss of use of the right foot together with compensation for temporary total disability and medical and hospital expenses. The plaintiff attempted to appeal from this award but the appeal was dismissed in the District Court for failure to file a petition on appeal within the time required by section 48-182, R. R. S. 1943.

As a result of the injury to his right foot on March 9, 1970, the plaintiff developed traumatic arthritis. In November 1973, a triple arthrodesis was performed on plaintiff's right foot in an effort to alleviate the pain and disability he was then suffering. Post-operative

complications developed which eventually resulted in an increase in disability to a 40 percent permanent partial disability to his right foot.

The plaintiff commenced this action on March 21, 1974, to obtain a modification of the award of July 19, 1973. The award was subject to modification on the ground of increase of incapacity due to the injury of March 9, 1970. § 48-141, R. R. S. 1943. The operation performed on the right foot in November 1973, resulted in an increase in disability occurring after July 19, 1973, but attributable to the original injury. In the modification proceedings the issue to be determined was the compensation to which the plaintiff was then entitled under the facts existing at the time the proceeding was commenced. In a modification proceeding "the whole question of plaintiff's physical condition can again be inquired into as of that time." Great Western Sugar Co. v. Hewitt, 127 Neb. 790, 257 N. W. 61.

The plaintiff alleged that he was totally and permanently disabled as a result of the injuries sustained in the accidents on March 9 and September 1, 1970. After a hearing before a single judge of the compensation court the plaintiff received an award of compensation for a 15 percent increase in permanent partial disability to his right foot together with compensation for temporary total disability and medical and hospital expenses.

Upon rehearing before the compensation court en banc the award was modified in regard to medical expenses but otherwise affirmed, one judge dissenting. The court specifically found the plaintiff was not totally and permanently disabled and dismissed the proceeding as to the State of Nebraska, Second Injury Fund.

The plaintiff appealed to the District Court where the award of the compensation court was affirmed. The plaintiff has now appealed to this court. He contends that he is entitled to compensation for total and permanent disability and is entitled to rehabilitation benefits as provided in the statute.

The plaintiff is 55 years of age and has a 12th grade education. He was employed by Blount Brothers to do rough carpenter work. He is not trained as a cabinetmaker or to do finish carpenter work. The plaintiff has also farmed.

Since the accident of September 1, 1970, the plaintiff has been unable to work as a carpenter or do farm work except that he is feeding a few cattle in exchange for the right to occupy a farmhouse. Feeding the cattle consists of scooping grain from a wagon into feed bunks using a bucket. This takes about 1/2 hour each day. The plaintiff estimates a bucket of grain weighs about 20 pounds.

The plaintiff is unable to stand for more than about 30 minutes at a time. He can not operate a tractor. He can not walk on rough ground or on reinforcing bars or climb ladders. He can not lift anything weighing more than about 20 pounds and can not work in a bent-over position. The medical testimony is that the disability to the plaintiff's feet prevents him from doing rough carpenter work, and the only work he could do would be sitting down at a bench, not moving around or lifting anything.

The disability resulting from either accident considered alone, would not prevent the plaintiff from doing his usual work although he would be handicapped to some extent. It is the combination of injuries from the separate accidents that results in his present disability.

At the time of the second accident, September 1, 1970, the compensation act provided that if an employee receives an injury which of itself would cause only partial disability, but which combined with a previous disability other than one caused by disease does in fact cause permanent total disability, the employer shall be liable only for the partial disability which would have resulted from the second injury in the absence of any preexisting disability, and the employee shall be compensated for

the additional disability out of the Second Injury Fund. § 48-128, R. R. S. 1943 (Reissue 1968).

Total disability, as used in section 48-128, R. R. S. 1943 (Reissue 1968), means total disability in fact. A workman who is unable to perform or to obtain any substantial amount of labor, either in his particular line of work or in any other for which he would be fitted except for the injury, is totally disabled within the meaning of section 48-128. Franzen v. Blakley, 155 Neb. 621, 52 N. W. 2d 833; Kelly v. Peter Kiewit Sons Co., 175 Neb. 621, 122 N. W. 2d 501; Runyan v. State, 179 Neb. 371, 138 N. W. 2d 484. The evidence in this case sustains a finding that the plaintiff is permanently totally disabled within the meaning of section 48-128.

The defendants contend the plaintiff is not entitled to compensation from the Second Injury Fund because the injuries the plaintiff sustained on March 9, 1970, and September 1, 1970, were schedule injuries which are to be compensated under subdivision (3) of section 48-121, R. R. S. 1943. A similar contention was considered and rejected in Franzen v. Blakley, *supra*. The employee in that case had fractured her wrists in separate accidents. Although the first injury was not compensable because it was not work-related, it was a schedule injury which if compensable would have been compensated under subdivision (3) of section 48-121. In holding that the employee was entitled to compensation for total disability this court said the purpose of section 48-128, R. R. S. 1943, is not to provide compensation for the previous disability but to provide compensation for permanent total disability resulting from a combination of the previous fact condition with a compensable injury. The opinion then quoted from Elliott v. Gooch Feed Mill Co., 147 Neb. 309, 23 N. W. 2d 262, as follows: "For workmen's compensation purposes, 'total disability' does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he was

trained for, or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do.

"A workman who, solely because of his injury, is unable to perform or to obtain any substantial amount of labor, either in his particular line of work, or in any other for which he would be fitted except for the injury, is totally disabled within the meaning of the workmen's compensation law."

The fact that the first injury in this case was a compensable injury does not prevent the plaintiff from being compensated from the Second Injury Fund. Section 48-128, R. R. S. 1943 (Reissue 1968), makes no distinction between a compensable first injury or a noncompensable injury. It is the previous fact condition combined with a second compensable injury causing permanent total disability in fact that establishes the right of the employee to compensation from the Second Injury Fund.

Section 48-162.01, R. R. S. 1943, provides that one of the primary purposes of the Workmen's Compensation Act shall be the restoration of the injured employee to gainful employment. An employee who has suffered a compensable injury is entitled to medical and physical rehabilitation services. If as a result of the injury he is unable to perform work for which he has previous training and experience he is entitled to vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him to suitable employment.

The compensation court may refer an injured employee to a qualified physician or facility for evaluation or report as to the practicability of, need for, and kind of service, treatment, or training necessary and appropriate to render him fit for a remunerative occupation. The court itself is authorized to employ specialists in physical, medical, and vocational rehabilitation.

The award of July 19, 1973, contained a provision

finding there was a reasonable probability that with appropriate training, rehabilitation, or education, the plaintiff might be rehabilitated to the extent he could significantly increase his earning capacity. The award further provided that if the plaintiff desired an evaluation of his suitability for rehabilitation services he was to report to the Rehabilitation Specialist of the Workmen's Compensation Court within 30 days. If the plaintiff failed or declined without reasonable excuse to request rehabilitation services within the time and manner specified, he was deemed to have waived his rights to such services at the expense of the employer.

In the first action the plaintiff alleged he was not capable of being rehabilitated. He made no request for rehabilitation services until after the time fixed in the award of July 19, 1973, had expired.

The compensation court made no finding in regard to rehabilitation services in this proceeding other than to note that the award of July 19, 1973, awarded vocational rehabilitation services subject to conditions and limitations. The District Court found the plaintiff had without good cause failed to comply with the conditions set out in the award of July 19, 1973, and made no award of rehabilitation service benefits.

Although the statute itself contains no procedural limitations, it was proper for the compensation court to prescribe a procedure for the plaintiff to follow if he wanted to obtain rehabilitation services. The finding of the District Court that the plaintiff failed without good cause to comply with the conditions set out in the award of July 19, 1973, is sustained by the record. The plaintiff has waived the right to rehabilitation services at the expense of Blount Brothers.

Since there is a possibility that rehabilitation services might reduce the liability of the Second Injury Fund we believe the State of Nebraska should be given an opportunity to request that the plaintiff be required to submit to an evaluation at its expense.

The judgment of the District Court is affirmed as to the defendant Blount Brothers, Corporation; the judgment is reversed as to the defendant State of Nebraska, Second Injury Fund, and the cause remanded with directions to enter a judgment in accordance with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.