DANIEL R. HARRINGTON, APPELLEE, v. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

251 N. W. 2d 653.

Filed March 16, 1977. No. 40680.

Paul L. Douglas, Attorney General, Harold S. Salter, and William Orester, for appellant.

Noyes W. Rogers, Walter, Albert, Leininger & Grant, and Charles H. Rogers, for appellee.

Heard before WHITE, C. J., McCOWN, NEWTON, and BRODKEY, JJ., and RONIN, District Judge.

WHITE, C. J.

In this case the sole question presented is the State's contention that the District Court, on appeal, was without authority to award an attorney's fee in the sum of $2,000 for the services rendered the claimant in the initial hearing before the one judge court and on appeal and trial before the three judge Workmen's Compensation Court. We affirm the judgment of the District Court allowing the attorney's fee.

This case has one rather unusual aspect. Despite the denial of compensation by the one judge court and on rehearing to the compensation court, the State now freely concedes that the District Court's award of compensation was correct, concedes that the plaintiff suffered an accident and injury within the terms of the act, and does not dispute the amount of compensable disability. That part of the judgment is conceded to be correct and the final and sole issue on appeal here is the authority to award an attorney's fee in the amount of $2,000.

The right to an award of attorney's fees in a compensation case is purely statutory. The applicable statute relied upon by the District Court, in pertinent part, is as follows: "Whenever the employer *refuses* payment, or when the employer *neglects* to pay compensation for thirty days after injury, and proceedings are held before the compensation court, a reasonable attorney's fee shall be allowed the employee by the court. In the event the *employer* files an application for a rehearing before the compensation court en banc from an award of a judge of the compensation court or appeals to the district court from the award of the compensation court, or any judge thereof, and *fails to obtain any reduction in the amount of such award,* the compensation court sitting en banc or the district court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer for each such rehearing

or appeal, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court." (Emphasis supplied.) § 48-125, R. R. S. 1943.

The State takes the position that the plaintiff herein made no claim for any allowance under the provision of the statute permitting an award of attorney's fees before the initial hearing. This position is untenable. The record shows that the plaintiff-appellee herein had requested the award of fees based upon such "refusal or neglect," from the outset by requesting the same at the initial hearing, and has *preserved that position at every stage of the proceedings.* It cannot be asserted that the District Court, on appeal, did not have the power to review and overturn erroneous findings by the one judge court or the rehearing before the compensation court.

In this case, undisputedly, the plaintiff was injured on August 6, 1974. He received no compensation or reimbursement for medical expenses until January 20, 1976, nearly 18 months later. The refusal of the State to pay benefits is clearly established. The District Court, in its formal judgment, found: "That the Workmen's Compensation Court in entering said final order of Dismissal On Rehearing acted in excess of its powers and contrary to law and that the findings of fact by said Court are not supported by the record, and therefore such final order of dismissal * * * should be reversed and set aside." These determinations by the District Court are final and not challenged on appeal and become, therefore, the law of this case. It is clear that this determination alone, from which no appeal was taken, would be sufficient to support the award of an attorney's fee.

The State suggests that no fee could be allowed because there was a "reasonable controversy" with respect to the plaintiff's claim. But it does not support such contention with argument or fact. It is abundantly clear from the record that the medical

bills to the date of the hearings were submitted at both the initial hearing and the rehearing before the compensation court. Neither the propriety nor the reasonableness of those charges have ever been disputed. The State first admitted the injury and its occurrence within the course and scope of plaintiff's employment. In a situation that is not clear from the record, the State was then permitted to retract that admission over the objections of counsel, by an amended answer filed *after* the trial. The transcript of the proceedings upon rehearing reveals that the State was unable to present any evidence that the plaintiff was not injured in the course and scope of his employment. The record shows that the plaintiff was examined by a physician chosen by the State, but the State never presented any medical testimony at any time. Finally, after the hearing in the District Court, at the time for arguments on the appeal from the compensation court, counsel for the State admitted liability, and the District Judge ruled in favor of the plaintiff from the bench. Further review of the evidence is unnecessary. It is apparent that there was ample evidence to sustain the District Court's finding, from which no appeal was taken, that the findings of the compensation court were not supported by the record.

Nevertheless, the State contends that the statute, section 48-125, R. R. S. 1943, does not authorize the District Court to grant the plaintiff an allowance for the services of his attorney on an employer's appeal to the three judge compensation court. The statute provides that in the event the employer files an appeal "and fails to obtain any reduction in the amount of such award," then the employee may be allowed a reasonable attorney's fee. The plaintiff has come within the strict wording of this provisions of the statute, since there was no reduction of any award on appeal to the three judge compensation court. The argument that the statute is not applicable, since the

employer could not and did not intend to obtain any reduction in the award, is answered by our holding in Neeman v. Otoe County, 186 Neb. 370, 183 N. W. 2d 269. In that case, there was no dispute, on appeal, as to the amount of compensation to be paid to the employee and there was no request for any reduction in the award. That appeal was taken to decide the question of which of two insurance carriers was responsible for the payment of compensation. The District Court awarded the employee a reasonable attorney's fee for services in the District Court. This court, on appeal, affirmed that award saying: "On the facts before us, the district court was correct in allowing a reasonable attorney's fee when the award of the compensation court was not reduced in amount on appeal to the district court."

It is true the Neeman case was an appeal from the compensation court to the District Court; but the reasoning and the statutory authority is the same as to a rehearing before the compensation court and an appeal to the District Court. We further note in this case that implicit in the District Court's judgment was a holding that the compensation court should have entered an award to the plaintiff. There was strict compliance with both the rhetorical wording and true meaning of the statute. Construed as a whole, the statute means if there is no reduction in the award on an appeal by the employer to the three judge compensation court, or if there should have been an award, or an increase in the award in that court, then the plaintiff is entitled to an award of reasonable attorney's fees for services of his attorney in the compensation court. The District Court, therefore, was correct in entering judgment for fees for plaintiff's attorney for services before the one judge court and on rehearing in the compensation court.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.