RAYMOND M. CRAIG, JR., APPELLANT, V. AMERICAN COMMUNITY STORES CORPORATION, DOING BUSINESS AS HINKY DINKY, APPELLEE.

287 N. W. 2d 426

Filed January 15, 1980. No. 42308.

Cline, Williams, Wright, Johnson & Oldfather, for appellant.

William D. Sutter of Mattson, Ricketts, Davies, Stewart & Calkins, for appellee.

Heard before BOSLAUGH, CLINTON, and McCOWN, JJ., and BURKE and WHITEHEAD, District Judges.

WHITEHEAD, District Judge.

This is a claim for compensation instituted in the Nebraska Workmen's Compensation Court. The plaintiff, Raymond M. Craig, Jr., was a journeyman meatcutter employed by the defendant, Hinky Dinky, at the time of the accident on February 21, 1975. On that day the plaintiff was on a ladder, a rung broke loose, plaintiff fell backwards, hit some boxes, fell on his back onto a steel cart, and then flipped over off of the cart and struck both knees on the concrete floor, suffering injuries to his knees and back as a result of the fall. The injuries resulted in several surgical procedures and the eventual removal of the right kneecap.

The plaintiff was unable to return to work as a meatcutter and underwent retraining as a small engine repairman in 1977. He worked as a small engine repairman from April 10, 1977, until August of 1977, during which time his leg swelled and his leg and back hurt so badly that he was unable to work many days. He quit working in August and was terminated. The plaintiff then worked as a truck-driver-deliveryman part time, but lost his job when a new owner took over. Since that time the plaintiff

has supervised work on his garage and has done some small engine work in his home. Dr. James Styner treated the plaintiff for the injuries suffered in the accident as of the date of trial before a one-judge court. As of May 1, 1978, Dr. Styner felt Mr. Craig had a 50 percent permanent disability of his right leg, 10 percent permanent disability of his left leg, and a 5 percent permanent disability rating of his body as a whole. Dr. Harold Horn was called to testify by the defendant and he evaluated the injuries to the plaintiff as of May 8, 1978, as a 35 percent permanent disability of the right leg, a 5 percent permanent disability of the left leg, and no disability anywhere else.

In a trial before the one-judge compensation court, the court found that the plaintiff can recover the sum of $89 a week for 133-1/7 weeks, and in addition a sum of $89 per week as long as the plaintiff remained temporarily totally disabled; that when the plaintiff's total disability ceased, for another hearing to be had; and that the plaintiff was entitled to rehabilitation services.

Both the plaintiff and defendant appealed from the decision of the one-judge compensation court. On rehearing, two members of the three-judge panel agreed that the plaintiff had sustained 50 percent permanent disability to his right leg, 10 percent permanent disability to his left leg, and 5 percent permanent disability to the body as a whole, representing injury to the back. Judge Novicoff dissented as to that portion finding that the plaintiff sustained a 5 percent permanent disability of the body as a whole. Judges Buchholz and Novicoff agreed that the plaintiff's total disability ended on April 10, 1977, while Judge Monen found the plaintiff to be totally disabled within the meaning of the workmen's compensation statutes. The findings and award were concurred in by at least two judges of the court, although not the same judges in every instance, and

consequently the award constituted a judgment of the court, although signed by only one judge. The plaintiff has appealed.

The question before the court is how disability is determined under section 48-121, R. R. S. 1943, when an employee injures two members as defined under section 48-121 (3), and also suffers an injury falling under section 48-121 (1) and (2). In Nordahl v. Erickson, 174 Neb. 204, 116 N. W. 2d 275, this court held, " 'Disability under section 48-121, R. S. Supp., 1953, subdivisions (1) and (2), is defined by our statute in terms of employability and earning capacity rather than in terms of loss of bodily function. * * * In defining total disability, losses in bodily function are not important in themselves but are only important insofar as they relate to earning capacity and the loss thereof.' Miller v. Peterson, 165 Neb. 344, 85 N. W. 2d 700."

The Nordahl case is very similar to this one in that in both cases the plaintiffs fell from ladders, the plaintiffs were limited by their doctors to lifting only light objects, both had back difficulties, and the symptoms in both cases are subjective. In the Nordahl case, the defendants contended that the plaintiff was employed as a farmer, and in this case there is evidence that Mr. Craig worked, when able, for Mohawk Rents as a small engine repairman, but the plaintiff testified he was unable to continue the work. Since that time the plaintiff has been able to hold only one job as a truckdriver-deliveryman part time, from which job he was terminated when a close friend of his, the owner of the business, sold the business. The plaintiff has been unable to find work since that time. He has a tenth grade education and is qualified to perform only manual labor, except for his training as a meatcutter or small engine repairman, both of which occupations he is physically incapable of performing.

This court has previously said, "For workmen's

compensation purposes, 'total disability' does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he was trained for, or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do." Elliott v. Gooch Feed Mill Company, 147 Neb. 309, 23 N. W. 2d 262. Nordahl v. Erickson, 174 Neb. 204, 116 N. W. 2d 275. And, " 'A workman, who, solely because of his injury, is unable to perform or to obtain any substantial amount of labor, either in his particular line of work, or in any other for which he would be fitted except for the injury, is totally disabled within the meaning of the workmen's compensation law.' " Elliott v. Gooch Feed Mill Company, *supra.* See, also, Camp v. Blount Bros. Corp., 195 Neb. 459, 238 N. W. 2d 634.

The compensation court found the plaintiff's total disability ceased on April 10, 1977, which is the day before the plaintiff started working for Mohawk Rents as a small engine repairman. He left this employment on or about August 13, 1977, because of persistent swelling and numbness of his right knee, pain in the back, and numbness of his left leg. Plaintiff previously had undergone occupational rehabilitation and received training in the field of small engine repair work. During the period of time the plaintiff worked for Mohawk Rents he missed many days because of his injury, and finally left and was terminated because of his inability to perform the work. The compensation court held that the plaintiff is entitled to further occupational rehabilitation. It appears to this court that implicit in that holding is the fact that plaintiff was unable to return to work as a small engine repairman.

The plaintiff, since the time he has left the employ of Mohawk Rents, has worked for Cornhusker Wholesale Meat on a part-time basis as a truckdriver-

deliveryman, and eventually was terminated at Cornhusker Meat when new owners took over, who were not close personal friends of the plaintiff. Since that time the plaintiff has been unable to find permanent work, his only work being occasional as small engine repair in his garage and supervising the building of his garage and work on his car. This court has stated on numerous occasions in the past that " '[A]n employee may be totally disabled for all practical purposes and yet be able to obtain trivial occasional employment under rare conditions at small remuneration. The claimant's status in such respect remains unaffected thereby unless the claimant is able to get, hold, or do any substantial amount of remunerative work either in his previous occupation or any other established field of employment for which he is fitted.' " Crable v. Great Western Sugar Co., 166 Neb. 795, 90 N. W. 2d 805. See, also, Elliott v. Gooch Feed Mill Co., 147 Neb. 612, 24 N. W. 2d 561; Haler v. Gering Bean Co., 163 Neb. 748, 81 N. W. 2d 152; Nordahl v. Erickson, *supra*.

In the Crable and Nordahl cases the claimants also were able to work at various jobs for a period of time but were found to be totally disabled. If this court applied the rule as set out by the compensation court in this case, it would prove to be counterproductive, for any person who was disabled dare not attempt employment for fear if he found he was physically incapable of performing the duties of the employment, he would find that he had lost all benefits under the Workmen's Compensation Law. We therefore hold that the plaintiff is permanently and totally disabled. The judgment of the Workmen's Compensation Court is reversed as to that portion of the award, affirmed in all other respects, and the cause remanded with directions to amend its judgment in accord with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

CLINTON, J., concurs in result.

BURKE, District Judge, not participating in decision.