MICHELLE A. EARNEST, APPELLANT, V.
LUTHERAN MEMORIAL HOSPITAL AND LUTHERAN
HOSPITALS AND HOMES SOCIETY, APPELLEES.

319 N.W.2d 66

Filed April 30, 1982. No. 44516.

Luebs, Dowding, Beltzer, Leininger & Smith, for appellant.

Chesley S. Baker of Lauritsen, Baker & Brownell, for appellees.

Heard before BOSLAUGH and WHITE, JJ., and CLARK and KNAPP, D. JJ., and RONIN, D.J., Retired.

KNAPP, D.J.

This is an appeal in a proceeding under the Workmen's Compensation Act. Plaintiff alleged that on November 21, 1979, while engaged in the performance of her duties as a housekeeper for defendants, she slipped and, in attempting to avoid a fall, injured her back, causing total disability.

The matter was heard before a single judge of the compensation court, who, on June 23, 1980, found plaintiff to have been temporarily totally disabled

from the date of the accident through March 4, 1980; temporarily partially disabled to the extent of 37½ percent from March 5, 1980, through April 27, 1980; temporarily totally disabled from April 28, 1980, through May 15, 1980; and temporarily totally disabled from May 23, 1980, through the date of the award. The judge further found that plaintiff would remain temporarily totally disabled for an indefinite future period of time, awarded benefits in accord with his findings, and required temporary total disability payments to continue "for so long in the future as the plaintiff remains temporarily totally disabled."

Defendants refused to accept the judge's findings and requested a rehearing before the three-judge court. Prior to the rehearing, and following a court-ordered examination of plaintiff by defendants' physician, defendants ceased making temporary total disability payments, and from February 18, 1981, through April 28, 1981, the date of the rehearing, paid to plaintiff $6.16 per week based upon their physician's rating of a 5 percent permanent partial disability to plaintiff's body as a whole.

On rehearing, the three-judge panel affirmed the original award as to the various periods of temporary total and temporary partial disability and found further that plaintiff's temporary total disability continued from the date of the original award through February 17, 1981, and that it then ceased, leaving plaintiff with a permanent partial disability, consisting of a 25 percent reduction in earning power, entitling her to $20.53 per week for 236³/₇ weeks commencing February 18, 1981.

The court, with Judge Monen dissenting, further found that defendants had obtained a reduction in the original award and that, therefore, plaintiff could not be awarded an attorney fee.

Plaintiff appeals, assigning as error the findings that her temporary total disability terminated on

February 17, 1981, and that defendants had obtained a reduction in the earlier award.

In support of her first assignment of error, plaintiff directs our attention to the March 25, 1981, report of Dr. Robert M. House, who stated that plaintiff was then still under treatment; a 10 percent permanent partial impairment to the body as a whole could be expected; the impairment would be to the functions of bending, stooping, lifting, walking, and standing; he did not expect her to be able to return to her former work as a housekeeper; and her release for work would be dependent upon the type of job obtained and her response to treatment. However, the court also had before it the report of John G. Yost, M.D., dated February 6, 1981, wherein that doctor concluded that there were no objective findings to substantiate plaintiff's subjective complaints; that there was no reason why plaintiff could not then be doing work that did not require continuous lifting; and that, as of the date of his examination, plaintiff had a maximum permanent partial disability to the body as a whole not to exceed 5 percent.

In reviewing workmen's compensation cases, this court is bound by the provisions of Neb. Rev. Stat. § 48-185 (Reissue 1978). Findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Shaw v. Gooch Feed Mill Corp.,* 210 Neb. 17, 312 N.W.2d 682 (1981). Where a record presents nothing more than conflicting medical testimony, this court will not substitute its judgment for that of the Workmen's Compensation Court. *Union Packing Co. v. Klauschie,* 210 Neb. 331, 314 N.W.2d 25 (1982). There was clearly sufficient evidence before the court on rehearing to support its finding that plaintiff's temporary total disability had terminated by February 17, 1981, if not before.

Plaintiff's first assignment of error is without merit.

The finding of the majority of the court on rehearing that defendants obtained a reduction in amount of the original award is inexplicable and cannot stand. The original award was affirmed in all respects. That award contemplated a cessation of temporary total disability at a date to be determined in the future. The court on rehearing in fact determined that date, a date long subsequent to the date of the original award. This was in no sense a diminution of the original award but was in complete accord therewith. Where the employer files an application for rehearing before a three-judge compensation court and fails to obtain any reduction in the amount of the award, a reasonable attorney fee is ordinarily allowed the employee. *Harrington v. State,* 198 Neb. 4, 251 N.W.2d 653 (1977); Neb. Rev. Stat. § 48-125 (Reissue 1978). There appears no reason for disallowance of an attorney fee in this instance. We therefore hold that the compensation court should have allowed, and shall allow, a reasonable attorney fee to plaintiff for her counsel's appearance before the three-judge compensation court.

The award of the Workmen's Compensation Court is affirmed in all respects except the disallowance of an attorney fee in that court. That part of the award denying the plaintiff an attorney fee is reversed. The cause is remanded to the Workmen's Compensation Court with directions to allow the plaintiff a reasonable fee for the services of her attorney in that court.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.