LEE SHAW, APPELLANT, V.
GOOCH FEED MILL CORPORATION,
A CORPORATION, APPELLEE.

312 N.W.2d 682

Filed November 25, 1981.  No. 43811.

Kenneth Cobb for appellant.

Baylor, Evnen, Curtiss, Grimit & Witt for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is a workmen's compensation action. Appellant, Lee Shaw, was injured on June 22, 1978, in the course of his employment with the appellee, Gooch Feed Mill Corporation, when a grinder hood, weighing approximately 600 pounds, fell and struck Shaw in the right chest and shoulder area. The appellant suffered multiple injuries, including multiple rib fractures on the right side, a fractured left clavicle, a punctured right lung, and an 8-inch laceration of the right axilla and armpit. The appellee admitted that the appellant's injuries arose out of and in the course of his employment at the appellee's place of business. The issue actually tried in the Workmen's Compensation Court and on rehearing was the extent of the disability due to the accident and injuries.

Appellant argues here, as he did in the Workmen's Compensation Court, that he is permanently and totally disabled. The three-judge compensation court on rehearing found that the appellant was entitled to benefits of $154.67 per week for 39 weeks for temporary total disability, and thereafter and in addition thereto the

sum of $23.20 per week for 261 weeks for 15 percent permanent partial disability. Essentially, the appellant challenges the findings of fact by the Workmen's Compensation Court and a further finding by the court that appellant "has failed to prove that he is totally disabled and that he is disabled from performing work for which he has had training or for which he is fitted."

In reviewing workmen's compensation cases, this court is bound by the provisions of Neb. Rev. Stat. § 48-185 (Reissue 1978). Findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Osteen v. A.C. and S., Inc.*, 209 Neb. 282, 307 N.W.2d 514 (1981); *Newbanks v. Foursome Package & Bar, Inc.*, 201 Neb. 818, 272 N.W.2d 372 (1978). In determining the sufficiency of evidence necessary to sustain an award of the Nebraska Workmen's Compensation Court after rehearing, such evidence must be considered most favorably to the successful party, every controverted fact must be resolved in his or her favor, and he or she must receive the benefit of every inference reasonably deducible from it. *Osteen, supra; McCann v. Holy Sepulchre Cemetery Assn.*, 205 Neb. 444, 288 N.W.2d 45 (1980).

There is sufficient evidence in the record to support the Workmen's Compensation Court finding that the appellant suffered a 15 percent permanent partial disability to his body as a whole and that the appellant achieved his maximum recovery on March 22, 1979, some 39 weeks after the injury. There was further evidence by two medical witnesses that there was nothing that would physically prevent appellant from trying to perform a sweeper job or boilerman's job at the Gooch plant as the duties of those jobs were outlined by the evidence. The sweeper job was offered to the appellant, and the appellant conceded that he knew of the availability of the boilerman's job. Appellant testified that he had not sought employment from any other em-

ployer. One of the reasons he gave for not seeking employment was that he did not know whether he wanted to return to work.

We do not discount the extended evidence of the appellant or of medical witnesses which suggested that the appellant had considerable residual pain and a severe limitation in the lifting power of his right arm, or the evidence that the appellant would be totally disabled from any job which required heavy lifting. We merely point out that our scope of review is whether the facts support the findings of the Workmen's Compensation Court. It is not the precise type of work that determines whether or not a workman is totally and permanently disabled, but, rather, total and permanent disability contemplates the inability of the workman to perform any work in which he has experience or the capacity to perform. *Craig v. American Community Stores Corp.,* 205 Neb. 286, 287 N.W.2d 426 (1980); *Camp v. Blount Bros. Corp.,* 195 Neb. 459, 238 N.W.2d 634 (1976).

There was sufficient evidence to support each of the findings of the Workmen's Compensation Court; therefore, we must affirm.

AFFIRMED.