GEORGE KRIJAN, APPELLANT, v. MAINELLI
CONSTRUCTION COMPANY ET AL., APPELLEES.
342 N.W.2d 662

Filed January 13, 1984. No. 83-302.

Ronald E. Frank and Patrick J. Boylan of Sodoro, Daly & Sodoro, for appellant.

Richard L. Walentine of Walsh, Walentine, Miles, Fullenkamp & O'Toole, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under the Workmen's Compensation Act.

The plaintiff, George Krijan, was injured on April 26, 1979, while employed as a carpenter by the defendant Mainelli Construction Company. The injury occurred when the plaintiff fell about 20 feet from a scaffold and fractured his right leg and shoulder. The employer and its insurance carrier paid compensation for temporary total disability to the plaintiff from the date of the accident until January 21, 1982. The plaintiff commenced this action on August 23, 1982.

After a hearing before a single judge of the compensation court, the plaintiff recovered an award. The compensation court found that the plaintiff was temporarily totally disabled from the date of the accident until the date of the hearing, November 9, 1982, and that the plaintiff was totally and permanently disabled as a result of his two-member injury.

On rehearing, with one judge dissenting, the compensation court found that the plaintiff was temporarily totally disabled from the date of the accident to June 9, 1982, and thereafter sustained 11-percent permanent partial disability to his right arm and 13-percent permanent partial disability to his right leg, for which the plaintiff was entitled to receive compensation for 52.7 weeks from June 9, 1982. From that award the plaintiff has appealed.

The principal issue on the appeal is whether the plaintiff is in fact permanently totally disabled as a result of the injuries he sustained in the accident on April 26, 1979. The case is complicated by the fact that the plaintiff sustained a permanent partial disability to his left hand as the result of a fracture of his left wrist in an accidental fall from a scaffold on August 14, 1978, while employed by the defendant Mainelli. The compensation court, both in the original award and in the award on rehearing, found that the plaintiff has 17½-percent permanent partial disability to his left hand as a result of the injury sustained in the accident on August 14, 1978.

There is no dispute between the parties concerning the percent of disability to the two members injured in the accident on April 26, 1979. In their amended answer filed November 9, 1982, the defendants admit that the plaintiff sustained 12-percent permanent partial disability of the right arm and 16-percent permanent partial disability of the right leg, "and that defendants have been willing to compensate plaintiff for said disability in accordance with the Nebraska Workmen's Compensation Law." The issue is the compensation to which the plaintiff is entitled as a result of these injuries.

Neb. Rev. Stat. § 48-121(3) (Reissue 1978) provides in part as follows: "In any case in which there shall be a loss or loss of use of more than one member or parts of more than one member set forth in this subdivision, but not amounting to total and permanent disability, compensation benefits shall be paid for

the loss or loss of use of each such member or part thereof, with the periods of benefits to run consecutively. The total loss or permanent total loss of use of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, in one accident, shall constitute total and permanent disability and be compensated for according to the provisions of subdivision (1) of this section. In all other cases involving a loss or loss of use of both hands, both arms, both feet, both legs, both eyes, or of any two thereof, total and permanent disability shall be determined in accordance with the facts.''

Since the plaintiff has a permanent partial loss of use of one arm and one leg as a result of the injuries sustained in the accident on April 26, 1979, the issue is whether the plaintiff is in fact permanently totally disabled as a result of these injuries.

For workmen's compensation purposes total disability does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he was trained for, or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do. *Franzen v. Blakley*, 155 Neb. 621, 52 N.W.2d 833 (1952). Total and permanent disability contemplates the inability of the workman to perform any work for which he has the experience or capacity to perform. *Shaw v. Gooch Feed Mill Corp.*, 210 Neb. 17, 312 N.W.2d 682 (1981).

The evidence is that the plaintiff is now 63 years of age. He was born in Yugoslavia and received the equivalent of an eighth grade education in that country. He was blinded in one eye during World War II while serving in the Yugoslav Army. He has worked most of his adult life as a carpenter. He has no other training or skills that are of importance, although he has worked as a cabinetmaker and operated his own small home-improvement contracting business for a while.

Three physicians testified as expert witnesses. Dr. James Scott-Miller, one of the treating physicians, testified that the plaintiff could do no heavy lifting, no squatting, no prolonged standing, and no ladder climbing. In Dr. Scott-Miller's opinion, the plaintiff was disabled from doing "union carpenter" work.

Dr. Joseph Gross testified that the plaintiff could do only moderate lifting and no routine or regular squatting. Dr. Gross believed the plaintiff was able to do prolonged standing, but acknowledged that the plaintiff said he was unable to do so. Dr. Gross stated that the plaintiff would have difficulty climbing ladders and scaffolds. Dr. Gross believed that the plaintiff could work as a carpenter only "in a limited manner."

Dr. Ronald A. Cooper, a neurologist, testified only in regard to the plaintiff's Parkinson's disease, which is unrelated to his other injuries.

The plaintiff testified in regard to the pain, stiffness, and weakness that he suffers as a result of his injuries. He related the difficulty he has in attempting to use carpenter's tools, and his inability to stand for periods of more than 30 minutes and to walk more than a few blocks at a time.

Kathleen Hesselink, a rehabilitation consultant called as a witness by the plaintiff, testified that the plaintiff was not a good candidate for vocational rehabilitation training because of his age, lack of education, and training and experience only as a carpenter. This witness believed the plaintiff might be able to work as a security guard in situations where his disabilities would not prevent him from doing the work.

From our review of the record we are convinced that the evidence does not sustain the findings and award of the compensation court on rehearing and that the evidence establishes as a matter of law that the plaintiff is in fact permanently totally disabled as a result of the injuries he sustained in the acci-

dent on April 26, 1979. The evidence further establishes that the plaintiff is entitled to recover additional medical expense in the amount of $110 for the services of Dr. Scott-Miller and reimbursement in the amount of $55.39 for medicines.

The award of the compensation court on rehearing is set aside and the cause remanded with directions to enter an award in conformity with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.