EVERETT HEWSON, APPELLEE, V. RICHARD STEVENSON, DOING BUSINESS AS 9TH & R CONOCO, AND UNION INSURANCE COMPANY, APPELLANTS.

404 N.W.2d 35

Filed April 17, 1987.    No. 86-062.

James J. DeMars of Barlow, Johnson, DeMars & Flodman, for appellants.

A. James McArthur, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Grant, J.

This action was brought by the appellee, Everett Hewson, to recover workers' compensation benefits from the appellants, Richard Stevenson, doing business as 9th & R Conoco, and Union Insurance Company. Hewson was injured while working for Stevenson on August 12, 1980. Appellants paid Hewson temporary total disability payments following the accident, but informed Hewson that further payments would not be made after June 1, 1985, for the reason that appellants did not consider Hewson to be totally permanently disabled. Hewson filed a petition in the Nebraska Workers' Compensation Court on April 15, 1985, praying "that the rights and liabilities of the parties be determined . . . ." An award was entered in Hewson's favor on July 9, 1985. Appellants then sought rehearing. In the award on rehearing, filed December 18, 1985, the three-judge panel, with one judge dissenting, affirmed and modified the award. The panel determined that Hewson had been injured in the course of his employment with Stevenson and that

> [a]s a result of said accident and injury the plaintiff . . . suffered temporary partial disability through November 3, 1980 . . . and thereafter was temporarily totally disabled from November 4, 1980 to the date of this rehearing on October 22, 1985, is still temporarily totally disabled and will remain temporarily totally disabled for an indefinite future period of time.
>
> . . . .
>
> As a result of said accident and injury, the plaintiff is unable to perform work for which he has previous training or experience. . . . The evidence shows that the plaintiff does not have transferable skills and his age is a negative factor. The Court finds that the plaintiff is no longer a suitable candidate for vocational rehabilitation

services and that said services are no longer feasible.

Appellants timely appealed and assign the following errors: (1) The court erred in finding that the appellee is still temporarily and totally disabled; (2) The court erred in failing to find that the appellee should be receiving permanent partial disability payments; (3) The court erred in finding that the appellee is not subject to further vocational rehabilitation efforts; and (4) The court erred as a matter of law in failing to recognize that voluntary retirement on the part of the appellee was cause for ceasing temporary total disability payments. We affirm.

The following facts were adduced before the panel on rehearing. On August 12, 1980, Hewson, a 61-year-old auto mechanic, was injured in the course and scope of his employment at Stevenson's Conoco station. Hewson testified that on that date he was lying partially in and partially out of a small car, working under the dash. Hewson accidentally bumped the gear stick, causing the car to roll back, causing a severe twisting of his back. Hewson had been employed as a mechanic by Stevenson's Conoco for approximately 1 year. Prior to that time Hewson was employed as a general mechanic or auto mechanic for the majority of his working life.

As a result of the injury, Hewson experienced a sharp, burning pain in his back, for which he sought medical help the next day. Hewson attempted to return to work for approximately 2 months after the injury. During that time Hewson received temporary partial disability payments. Hewson testified that after October of 1980, he was unable to return to work because of his injury. He testified that he was "not supposed to lift over ten pounds," that "if I stand for any length of time, I start having nerve pains down my right leg; and then it goes into my back and causes spasms in my back," that he is unable to sit for any length of time because he starts having pains in his right leg again, and that his "back gets real sore" when he walks for any distance.

Hewson was treated by Dr. James Styner for his back injury beginning November 5, 1980. In a report of February 19, 1982, Dr. Styner stated that Hewson "still has acute disc syndrome." On April 3, 1981, Hewson was hospitalized for a "[d]e-

compression laminectomy, exploration of the disc space without removal." On November 17, 1982, Dr. Styner performed another operation described as "[l]aminectomy, (redo and exploration of disc space and diskectomy)."

James Kincaid, a vocational rehabilitation counselor for appellants, did a series of evaluations of Hewson from September 30, 1981, through February 26, 1982, to determine whether Hewson could be rehabilitated for new employment. Kincaid concluded that Hewson was not a suitable candidate for vocational rehabilitation at that time.

In July 1981, prior to the first meeting with Kincaid, Hewson reached the age of 62 and voluntarily began to draw social security retirement benefits.

Hewson testified that he made attempts to work on his own after the 1981-82 evaluations by Kincaid. In 1983 he attempted to start a small engine repair business in which neighbors in the area brought in mowers to be repaired. Hewson testified that because the motors were too heavy for him to lift, he could not continue. Later in 1983, Hewson tried to work as a security guard and had to quit after 1 hour because of the walking involved.

On June 10, 1983, Dr. Styner made a final disability rating of Hewson and stated:

> The patient has a rather severe coronary problem which is going to make it difficult to separate his Workman's Compensation problem from the rest, but I think as far as his back is concerned he has a disability rating of about 15-20% of the body as a whole.

On November 26, 1984, Dr. Styner determined that Hewson's disability regarding his back remained at 15 to 20 percent of the body as a whole, and on December 26, 1984, Dr. Styner reported that June 10, 1983, was the date that Hewson reached maximum recovery with regard to his back problem. Another doctor examined Hewson for appellants on March 15, 1985, and determined that Hewson had an "approximately 20% permanent partial disability of his body as a whole and by history this would date back to his 1980 injury."

On October 15, 1985, 1 week prior to the rehearing in the compensation court, Hewson was evaluated by Denise Wiemer,

a rehabilitation counselor employed by the State of Nebraska Department of Education, who determined that Hewson was not a suitable candidate for vocational rehabilitation.

In reviewing workers' compensation cases this court does not reweigh the facts. In a review of a workers' compensation case, the findings of fact made by the Nebraska Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Bender v. Norfolk Iron & Metal Co.*, 224 Neb. 706, 400 N.W.2d 859 (1987).

Appellants first contend that, since the medical evidence shows that Hewson has a 15 to 20 percent permanent partial disability, and since Hewson "has decided not to work," Brief for Appellants at 12, Hewson should be paid permanent partial disability payments rather than temporary total disability payments. Appellants rely on Neb. Rev. Stat. § 48-121(3) (Reissue 1984), which states in pertinent part: "For disability resulting from permanent injury *of the following classes*, the compensation shall be in addition to the amount paid for temporary disability; *Provided*, the compensation for temporary disability shall cease as soon as the extent of the permanent disability is ascertainable . . . ." (Emphasis supplied.)

Appellants then contend that since the extent of Hewson's permanent disability as a result of the injury sustained on August 12, 1980, is now ascertainable, the issue is whether Hewson is in fact permanently partially disabled as a result of this injury.

The difficulties with appellants' position are two: (1) § 48-121(3) concerns specific member disabilities; and (2) this court has held that the determination of "total disability" does not depend solely on the determination of the degree of disability to the body as a whole.

We have held:

> For workmen's compensation purposes total disability does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he was trained for, or accustomed to perform, or any other kind

of work which a person of his mentality and attainments could do. *Franzen v. Blakley*, 155 Neb. 621, 52 N.W.2d 833 (1952). Total and permanent disability contemplates the inability of the workman to perform any work for which he has the experience or capacity to perform. *Shaw v. Gooch Feed Mill Corp.*, 210 Neb. 17, 312 N.W.2d 682 (1981).

*Krijan v. Mainelli Constr. Co.*, 216 Neb. 186, 189, 342 N.W.2d 662, 664 (1984).

The evidence is that the appellee, 66 years of age at the time of the rehearing, has worked most of his adult life as a mechanic. He has no other training or skills. Hewson testified, and the panel apparently believed, that as a result of the injury in 1980, he is unable to lift more than 10 pounds, to walk for long distances, or to sit for more than a few minutes at a time. Although Hewson attempted to work, he was unsuccessful because of these physical limitations.

Both James Kincaid and Denise Wiemer concluded that Hewson was not a suitable candidate for rehabilitation given his age, work history, and medical condition.

After a reading of the record, we cannot say that the Workers' Compensation Court on rehearing was clearly wrong when it found that Hewson was and continues to be temporarily totally disabled. The first two of appellants' assignments of error are disposed of by this determination.

Appellants' third assignment of error states that the court was in error when it found that Hewson was not subject to further vocational rehabilitation efforts. This also depends on a finding of fact, and the evidence supports the panel's conclusion.

The opinions of two vocational rehabilitation specialists were before the court on rehearing. James Kincaid's evaluations of Hewson in 1982 concluded:

> It is not feasible to spend the time and money to train a person who is sixty-two years old and would have only a 10-15% chance of obtaining employment. No employer is going to hire a person of this age, who will work 2-3 years at best, then retire. . . .
>
> When looking at the client's age, medical condition,

and work history, I do not feel it is feasible to continue any rehabilitation efforts on the client.

Just before the rehearing before the panel, a state rehabilitation worker reached the same general conclusion.

In *Smith v. Hastings Irr. Pipe Co.*, 222 Neb. 663, 386 N.W.2d 9 (1986), we held that the right of an injured worker to vocational rehabilitation depends upon the inability to perform work for which the worker has previous training and experience. Whether an injured worker is entitled to vocational rehabilitation is ordinarily a question of fact to be determined by the compensation court.

The evidence before the panel supports the panel's finding that Hewson "is no longer a suitable candidate for vocational rehabilitation services." This assignment is without merit.

The fourth and last error assigned by appellants asserts that the court erred as a matter of law in failing to recognize that voluntary retirement on the part of the appellee was cause for ceasing temporary total disability payments. Based on our examination of the record before this court, we determine that this issue does not appear to have been raised or specifically disposed of in the Nebraska Workers' Compensation Court. Neither the petition nor the appellants' answer raised this issue. No reference to the issue appears in the compensation court's "Award on Rehearing."

Appellants' reply brief states at 1:

In his brief, Appellee asserts that the Workmen's Compensation Court made a factual determination that voluntary retirement does not equate with a voluntary removal from the work force. The Workmen's Compensation Court made no such finding. Indeed, there is no mention as to what effect the Appellee's voluntary retirement had upon his temporary total disability status. Appellant is contending that the Court should have considered the circumstances surrounding Appellee's voluntary retirement.

On the record before us, we cannot know what "circumstances" the Workers' Compensation Court considered on this issue. As stated above, we have determined that the evidence supports the court's finding that Hewson is entitled to

temporary total disability payments. In the absence of plain error, where a specific issue is raised for the first time on appeal, such issue will ordinarily not be determined. See *Norris v. Iowa Beef Processors*, 224 Neb. 867, 402 N.W.2d 658 (1987).

The judgment of the Workers' Compensation Court is affirmed. Appellee is awarded $1,000 for services of his attorney in this court.

AFFIRMED.