KURT T. KLEIVA, APPELLEE, V. PARADISE LANDSCAPES AND AID
INSURANCE COMPANY, APPELLANTS.

416 N.W.2d 21

Filed December 4, 1987.   No. 86-1095.

James J. DeMars of Barlow, Johnson, DeMars & Flodman, for appellants.

Ronald J. Palagi and Scot M. Bonnesen, for appellee.

BOSLAUGH, C.J., Pro Tem., WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

The defendants, the employer and insurance carrier, have appealed an award of the Nebraska Workers' Compensation Court, which entered a running award to plaintiff on account of temporary total disability. Assigned as error is the finding that plaintiff remains temporarily totally disabled.

In reviewing this type of case, we are governed by several well-established legal principles. The findings of fact of the Workers' Compensation Court have the same force and effect as a jury verdict in a civil case and will not be set aside where they are supported by credible evidence and are not clearly wrong. *Parker v. St. Elizabeth Comm. Health Ctr.*, 226 Neb. 526, 412 N.W.2d 469 (1987).

When a worker has reached maximum recovery, the remaining disability is permanent and such worker is no longer entitled to compensation for temporary disability. *Aldrich v. ASARCO, Inc.*, 221 Neb. 126, 375 N.W.2d 150 (1985).

Injuries to the body as a whole are compensated under Neb. Rev. Stat. § 48-121(1) and (2) (Reissue 1984), and refer to loss of employability and earning capacity, and not to functional and medical loss alone. *Norris v. Iowa Beef Processors*, 224 Neb. 867, 402 N.W.2d 658 (1987).

The plaintiff-appellee, who was trained as a welder, was hired by the defendant-appellant Paradise Landscapes in September 1984. His duties there included welding, landscaping, and general maintenance.

On September 26, 1984, the plaintiff sustained a back injury while working for the defendant. As a result, the plaintiff was unable to continue working as a welder. The Workers' Compensation Court entered an order on May 7, 1985, finding that the plaintiff was temporarily totally disabled, and awarded temporary total disability payments and vocational rehabilitation benefits to the plaintiff.

The plaintiff attended the Hobart School of Welding Technology in Troy, Ohio, from September 1985 to February 1986, under a vocational training program. During that time, the plaintiff received weekly disability payments from the defendants, and his tuition and travel expenses were paid by the state Vocational Rehabilitation Fund. Upon completion of the training in February 1986, the plaintiff was certified as an associate welding inspector, and the defendants discontinued the temporary total disability payments to him.

Although certified, the plaintiff feels that he would be unable physically to perform the activities of an associate welding inspector, and has not been employed since completing his training.

The plaintiff has remained under the care of his physician, Dr. Patrick W. Bowman, an orthopedic surgeon, since the accident occurred. He is still "having problems" with his lower back and remains on medication prescribed by the doctor. He testified that he has "progressively gotten worse" since the time he first saw the doctor, both in restriction of movement and the

presence of pain. Additionally, the plaintiff notes in his brief that he had back surgery in March 1987 and is currently recuperating. This information was not before the court on rehearing and cannot be considered on appeal. *Hulse v. Schelkopf*, 220 Neb. 617, 371 N.W.2d 673 (1985).

The doctor stated in his deposition that the plaintiff has had a temporary total disability since his injury. He also stated that the plaintiff had a 15-percent permanent impairment as a result of his back condition. The doctor is of the opinion that the plaintiff has "reached maximum medical benefit" and does not anticipate "any major changes in his functional capacities in the future."

Based on a hearing held on May 29, 1986, before the Workers' Compensation Court, an award was entered which found that the plaintiff remained temporarily totally disabled and ordered the defendants to resume compensation payments from February 18, 1986 (the time at which the defendants had ceased the payments), and into the future for so long as the plaintiff remains temporarily totally disabled. This award was affirmed on rehearing.

The following depositional testimony of Dr. Bowman is of particular significance in determining whether plaintiff's disability is still of a temporary nature:

Q. Has there been a change in the therapy program he's undergone in that time?

A. Well, there has. This last six weeks or so after he underwent the functional capacity he did undergo a course of sort of specialized type of therapy, which is sort of emphasized as biomechanics and activities of daily living and is more — rather than being symptomatic care for the spine, that is, ultrasound, heat treatments, that sort of thing, was geared more to conditioning of the spine, sort of a different tac[k]. . . .

Q. The more recent therapy that you mentioned, has he been involved in that long enough to have a resultive effect of that therapy?

A. I do not feel that as far as his symptom levels it's probably going to make much difference one way or the other. I think it would hopefully improve his functional

levels. . . . It may raise his lifting limits 15, 20 pounds, but I suspect that the limits that we saw initially are going to be in the ballpark, no matter how much we have or therapy or anything else we apply to him. And to answer your basic question, I think he has reached maximum medical benefit. And I really don't anticipate any major changes in his functional capacities in the future.

Q. Doctor, did Mr. Kleiva ever give you a history of any vocational rehabilitation program he's been involved in?

A. No. I think he talked to me about —

Q. No specifics were discussed relative to his condition or his back condition?

A. No, sir.

It was quite apparent that based upon the medical evidence there will be no significant improvement in the plaintiff's functional capacities so as to improve his employability and earning capacity. We need not determine at this time the ability of the physician to ascertain or evaluate these latter factors in the absence of the foundational evidence, which was not furnished to him.

The fact remains that the only credible medical evidence demonstrates that the plaintiff will get no better or no worse because of the injury he sustained. He had reached his maximum recovery, his disability was permanent, and he was no longer entitled to temporary disability benefits.

The finding by the compensation court that plaintiff continues to suffer temporary total disability is not supported by credible evidence, and it is therefore clearly wrong. The cause must be remanded to that court for determination of the extent of permanent disability that plaintiff now suffers.

REVERSED AND REMANDED WITH DIRECTIONS.