KURT T. KLEIVA, APPELLEE, V. PARADISE LANDSCAPES AND AID INSURANCE COMPANY, APPELLANTS.

430 N.W.2d 550

Filed October 21, 1988.   No. 88-207.

James J. DeMars, of Barlow, Johnson, DeMars & Flodman, for appellants.

Scot M. Bonnesen, of Ronald J. Palagi, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendants have appealed from an order of the Workers' Compensation Court finding that plaintiff is suffering from

permanent total disability and awarding benefits on that account. Assigned as errors are the court's determination that permanent total disability is present and the entry of such order without an additional hearing.

This is the second appearance of this case. Our former opinion may be found at *Kleiva v. Paradise Landscapes*, 227 Neb. 80, 416 N.W.2d 21 (1987). Most of the pertinent facts are set forth there.

Upon remand to the compensation court, that court took no further evidence but, rather, decided the case on the basis of its presently existing record. The evidence in that record did not support a conclusion that plaintiff was unable to do the work of a welding inspector but, rather, that he, in his estimation, did not think he could do it from a physical standpoint. The medical evidence was to the effect that plaintiff, who suffered from a spondylolysis without surgical intervention, had a 15-percent permanent partial disability of the body as a whole. The attending physician also testified that plaintiff had no neurological deficits, some restriction of motion in the lumbar spine, some tightness of the hamstrings, and unimpressive muscle spasm. The medical witness testified that plaintiff should limit his sitting at one time to 45 to 50 minutes, his standing time to about an hour, his stooping to a position 30 inches from the ground, and his weight lifting to approximately 35 pounds. The witness offered no opinion as to what sort of gainful employment, if any, in which the plaintiff could engage, and admitted that he was not aware of the extent of the rehabilitation program in which the plaintiff had engaged.

The record in this case hardly supports a conclusion that plaintiff is unable to perform any work which he has the experience or *capacity* to perform. *Hewson v. Stevenson*, 225 Neb. 254, 404 N.W.2d 35 (1987). Total disability means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he was trained for, or accustomed to perform, *or any other kind of work which a person of his mentality and attainments could do. Hewson, supra; Krijan v. Mainelli Constr. Co.*, 216 Neb. 186, 342 N.W.2d 662 (1984). Although findings of fact made by the Nebraska Workers' Compensation Court have the same force

and effect as a jury verdict in a civil case and will not be set aside where they are supported by credible evidence and are not clearly wrong, *Kleiva, supra,* the award in this case falls short of that standard.

In the state of the present record, considering the absence of evidence as to plaintiff's capability to perform other jobs for which he is, or could be made to be, qualified, it would appear that additional evidence addressing this situation is necessary. Accordingly, the judgment of the compensation court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.